[No. 4687.]

THE NEEDLE ROCK DITCH CO. ET AL. V. THE CRAW-
FORD-CLIPPER DITCH CO.

1. **Appellate Practice—Water Rights—Statutory Construction—
   Dismissal.**

   In an appeal from a statutory proceeding to adjudicate pri-
orities of water rights, the provisions of the statute with refer-
ence to filing with the clerk of the supreme court of a transcript
of the record and proof of service and publication of a certified
copy of the order allowing the appeal, are mandatory; and if
either be not filed within the time specified, the appeal must
be dismissed upon motion.

2. **Same.**

   Where an appeal from a statutory proceeding to adjudicate
priorities of water rights is dismissed for failure to file with the
clerk of the supreme court, within the time limited, a transcript
of the record or proof of service and publication of the order
allowing the appeal, it cannot be dismissed without prejudice to
another appeal; neither can the cause be redocketed on writ of
error, under section 388a Mills' Ann. Code.

*Appeal from the District Court of Delta County.*

Mr. MILTON R. WELCH, Mr. GEORGE STEPHAN and
Mr. R. M. LOGAN, for appellants.

Mr. A. R. KING, for appellee.

*Per Curiam.*—Motion to vacate order dismissing
the appeal and to reinstate the same.   The decree
appealed from was rendered under the irrigation
statutes affecting water rights.   Section 2427 Mills'
Ann. Stats. contains directions for appealing from
such a decree, and, among other things, enjoins upon
the district court or judge the duty of making an
order allowing the appeal and fixing the amount of
the appeal bond.   Section 2428 requires this order
to be entered of record—a certified copy of which the
appellant must serve upon the appellee, and cause the
same to be published in a newspaper.   By section

14

2432 appellant must file with the clerk of the supreme court, within sixty days after the making of the order of appeal, proof of the service and publication thereof; and, if such proof is not filed, the supreme court shall, on motion of appellee at any time after such default in filing the proof, and before the same shall be filed, dismiss the appeal. Section 2429 requires appellant to file a transcript of record of the district court with the clerk of the supreme court at any time within six months after the appeal is allowed; and section 2432 says that if such transcript is not filed within that time, such appeal shall, on motion, be dismissed.

These provisions with reference to the filing of transcript and proof of service and publication are mandatory. They are plain and explicit and interpret themselves. They are jurisdictional requirements. If the proof of service is not filed within the time, and a motion of the appellee to dismiss for such default is made before such proof is filed, the appeal must be dismissed; so, also, if the transcript of record is not filed within the time limited by the act, the appeal must be dismissed upon motion, and there is no discretion in the supreme court in the matter.

There was a failure in this case upon the part of the appellants in both particulars. The transcript was not filed within the time limited by the act, and proof of service was not made within the sixty days, and seems not to have been made at all. The showing by appellants, in explanation of their failure in these respects, is immaterial. Section 397 Mills' Ann. Code applies to the review of judgments rendered in civil actions, and not to decrees made in the special proceeding provided by the act we are now considering. We cannot dismiss the appeal without prejudice, for another appeal would not lie. Neither can the cause be redocketed on writ of error under Mills' Ann.

Code, sec. 388a, because this court would have had jurisdiction to entertain this appeal had it been properly perfected, and so it does not come within the purview of that class of cases that may, under this section, be redocketed on error, when the appeal is dismissed for entire lack of jurisdiction of this court to entertain it. The motion to vacate the order of dismissal and to reinstate the appeal must, therefore, be denied.                    *Motion denied.*