[No. 6470.]

Napier v. Glenwood Light and Water Company.

1. **Water Rights—Adjudication of Priorities—Appeals—Publication of Order Allowing** — Under the statutes (Mills' Stats., §§ 2405, 2428; Rev. Stats., §§ 3286, 3308), the order allowing an appeal from a decree establishing priorities to the use of water, must be published in the county in which the court sits. Publication in another county, though one into which the water district extends, will not suffice. The doctrine of Wadsworth Ditch Company v. Brown, 39 Colo. 57, applies to an appeal from a decree declaring priorities, as well as from one given in a proceeding to change the point of diversion.—(209, 210)

2. **Appeals—Discontinuance** — Where a publication required by statute in order to the prosecution of an appeal, has not been made, and the time allowed for it has long elapsed, the appeal will be dismissed.—(210)

*Appeal from Eagle District Court*— Hon. Charles Cavender, Judge.

Mr. John L. Noonan, Mr. S. J. DeLan, and Mr. John A. Rush for appellant.

Mr. William O'Brien and Mr. C. W. Darrow for appellee.

Mr. Justice Campbell delivered the opinion of the court:

The judgment appealed from was rendered in a statutory proceeding instituted under sec. 3280, Rev. Stats. 1908, for an adjudication of the water rights of appellee, who was petitioner below. The only method of review of such judgments is by appeal, the taking and perfecting of which are regulated by secs. 3307-3310. Such regulations are mandatory and cannot be waived or ignored by the parties. Among other things imposed upon an appellant is the duty, under sec. 3308, to cause a certified copy of the order allowing the appeal to be

published in the same manner as are the notices prescribed by sec. 3286, which is by publishing the same "in one public newspaper in such county into which such water district may extend" once each week for four successive weeks. Proof of such publication is, by sec. 3287, the sworn certificate of the publisher. The only publication of the order allowing the appeal in this case was in a public newspaper of Garfield County, and the only proof of publication, the sworn certificate of its publisher. The water district in question, No. 43, embraces portions of Eagle, Garfield, Routt, and Grand counties. The proceeding was instituted and the judgment rendered in the district court of Eagle county, which the parties concede was the court having exclusive jurisdiction thereof. Publication of notice and proof of the same were not in accordance with this imperative requirement. In *Wadsworth Ditch Co. v. Brown,* 39 Colo. 57, the precise question was before the court and determined. It was there held that the notice should be published in a public newspaper of the county in which is held the court that has jurisdiction to adjudicate, and in which the proceeding was properly begun. Under this ruling, since the district court of Eagle county had exclusive jurisdiction of the proceeding, which was therein begun, publication of the copy of the order allowing the appeal should have been made in some newspaper of that county. As appears in the opinion in the Wadsworth case, the contention between the parties there was whether the notice should be published in one newspaper in each county comprising the district, or only in one newspaper of that county in which the proceeding was properly pending. Manifestly, publication of the order in a newspaper of Garfield county was not a compliance with this mandatory provision of the statute.

(14)

The appellant seeks to escape the force of the decision in the Wadsworth case by trying to draw a distinction between a special proceeding, to change the point of diversion, such as that was, and a special proceeding, like the one at bar, for original adjudication of a water right. So far as the question of publication is concerned, there is no distinction whatever, because the statute governing the publication is the same and it applies to both proceedings. The language above quoted, taken from the statute, does not mean one thing when applied to the one proceeding and an entirely different thing when applied to the other. Inasmuch as the time fixed by sec. 3309 for publishing the notice in the proper county and filing proof thereof in the supreme court has long since elapsed, which time limit is mandatory, the appeal must be dismissed.—*Needle Rock Ditch Co. et al. v. Crawford-Clipper Ditch Co.,* 32 Colo. 209; *The Baer Bros. Land & Cattle Co. v. Wilson et al.,* 32. Colo. 500.                    *Dismissed.*

Mr. JUSTICE MUSSER and Mr. JUSTICE HILL concur.