[No. 6930.]

HAINES, EXECUTOR, v. FEARNLEY ET AL.

1. WATER RIGHTS—*Proceeding to Adjudicate Priorities*—The proceeding under the statute (Rev. Stat. c. 72 Art. IV) to adjudicate priorities, is a special proceeding, and not a civil action under the code—(319).

2. ——*Appeals—Must Conform to Statute*—One appealing from an order made in such proceeeding must follow the provisions of the statute even though his complaint is directed not to any award of priority to the use of water, but to a clause

of the decree assuming to establish in the owner of a certain ditch a way over private lands of the appellant—(319, 320).

An appeal attempted without reference to these provisions, but under the provisions of the code must be dismissed—(321).

*Appeal from Douglas District Court*—HON. JAMES OWEN, Judge.

Messrs. THOMAS, BRYANT, NYE and MALBURN for appellants.

Mr. GEORGE F. DUNKLEE and Mr. O. E. JACKSON for appellees.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court:

This is an attempted appeal from one clause of a final decree which was rendered by the district court of Douglas County in the special statutory proceeding which has been provided by our general assembly for the determination of priorities of right to the use of water for irrigation. Appellees move to dismiss the appeal upon the ground that appellant failed to comply with the essential and mandatory provisions of the statute relating to the taking and perfecting of appeals.

In this statutory poceeding the district court made a final decree awarding priorities to the respective ditches which were parties thereto. Appellant was not, and is not now, the owner, or representative, of any ditch to which a priority was awarded, and was not, and is not, a consumer of water from any of such ditches. He was not made a party to the proceeding and, it seems, did not appear therein until after final decree was rendered. The clause of the decree to which appellant objects does not concern the award of priorities, but affects only a tract of his land over which the appellees' ditch runs, and to which ditch a priority was awarded. In that subdivision of the general decree which constitutes the award of priority to appellees'

ditch was the objectionable clause, and it purports to establish in the owner of the ditch a right of way over and across a tract of appellant's land. Ascertaining this, appellant voluntarily appeared after the rendition of the final decree and objected thereto, but his objection was overruled. Within the two years' statutory limit for a review appellant again appeared in that special proceeding and filed his petition, asking the court to vacate, correct or modify the objectionable clause, and it seems that additional testimony was taken upon the controverted issue and the court made findings against petitioner, appellant here, and denied the prayer of his petition. It is this order refusing to grant appellant's petition that he seeks by this appeal to set aside. As the point is not raised or discussed, we do not pause to inquire if this is such an order as is, in any event, reviewable by appeal or writ of error, though we have decisions thereon, but we pass at once to a consideration of the questions argued by counsel.

These statutes, which are the authority for the district court, and under them it was acting, to ascertain the priorities of right to the use of water for irrigation, furnish a complete procedure for such purpose. The proceeding is not a civil action under the code, but a special proceeding under the Statute. The method of review by the supreme court of final decrees therein is particularly prescribed. An appeal is the creature of statute. Unless authorized thereby, it does not exist, and if the statute provides for a direct review of final judgments or decrees therein, the remedy designated is the only one available. The method given by these statutes is an appeal, which this court has repeatedly held to be exclusive. The manner of taking and perfecting the appeal is essentially different from that under the Code of Civil Procedure and the provisions of the statute applicable thereto we have, time and again, held to be mandatory and jurisdictional; that the

parties to an appeal cannot waive compliance therewith, or, disregarding them, by consent confer jurisdiction upon the supreme court to entertain an appeal. Appellant, having failed to comply therewith, his appeal must be dismissed.—*Napier et al. v. Glenwood Light & Water Company,* 49 Colo. 208; 112 Pac. Rep. 323.

Appellant, however, while conceding what we have already said as applicable to an appeal from a final decree which adjudicates among the various ditches their relative priorities of right, contends, nevertheless, that the appeal attempted here is not within the purview of the statute, because appellant is not dissatisfied with, or seeking a review of, an adjudication of any priority of water right, but merely complains and seeks a review of one clause of the general decree which denied his petition wherein he sought to have a modification or correction thereof, and which clause, though rendered in the statutory proceeding, affects only a right of way over his lands for appellees' ditch, to which an award of priority had been made.

This reasoning, while plausible, is fallacious. It may be that the findings and decree of the district court which purport to grant a right of way for appellees' ditch over appellant's land are erroneous, as being contrary to the evidence, or as outside of the issues and not within the contemplation of these adjudication statutes. And, if so, it may be that appellant, not having originally been a party to the proceeding, would not be affected by the decree. And it may also be true, unless by voluntarily appearing he has waived his right to be heard, that the court was without jurisdiction, and that the decree as to him could not be enforced, concerning all of which we express no opinion. However that may be, it is entirely clear that appellant has mistaken his remedy. He has intentionally disregarded the provisions of the statute which

relate to appeals, because he says they are not applicable, and has sought to perfect an appeal under our code of Civil Procedure. If, as appellant contends, the district court in this special proceeding, was without jurisdiction to determine an issue affecting a right of way over his lands, nevertheless the court in this very proceeding made such determination. Even if the determination was wrong, as being contrary to the evidence, or not within the issues, the decree itself was made in the special stautory proceeding, and not in a civil action under the code. That being true, one affected by any part of a decree in such proceeding, if he desires to appeal therefrom, must conform to the provisions of the special statute relating to appeals, and, not having done so, his appeal must be dismissed.

It requires no citation of authority to establish the proposition that the provisions relating to appeals in our civil code apply only to civil actions. Where a statute provides a special proceeding and prescribes the practice to be observed therein, the provisions of the civil code, unless adopted thereby, are not applicable, but the procedure that is prescribed by the special statute is exclusive. If the matters attempted to be litigated, we repeat, were such only as could properly be litigated in a civil action, appellant did not select his remedy under the code, but voluntarily sought relief in the special proceeding itself. He must be held to his election, and, if he is dissatisfied with any clause of the decree below, if he desires to have it directly reviewed and if it is reviewable at all, he must proceed in accordance with the proceeding prescribed by the special statute and not by the civil code. What remedy, if any, appellant may have to protect his asserted rights as against the clause of the decree herein attacked we need not determine. That such right or remedy, if any, may not be lost, this appeal will be dismissed without prejudice, and it is so ordered.

*Appeal dismissed without prejudice.*

Mr. JUSTICE WHITE and Mr. JUSTICE BAILEY concur.