[No. 7737]

HAINES ET AL. v. FEARNLEY ET AL.

1.  WATER RIGHTS—*Adjudication of Priorities—Jurisdiction of the Court*—A finding in an adjudication decree that an appropriator is entitled to a right of way for his ditch over the lands of another, and a decretal order based thereon, are void.*

2.  INJUNCTION—*Without Notice—Emergency*—Where a trespasser makes wrongful entry upon the lands of another with men and teams for the purpose of constructing a ditch thereon, the land owner is entitled to a temporary restraining order under the code, without notice. He is not required to apply for the injunction in advance of the trespass, even though he has notice of the wrong-doer's intention. (Rev. Code, Sec. 164.*)

*Error to Jefferson District Court.*—Hon. CHARLES McCALL, Judge.

*Syllabus by Garrigues, J.

*On petition for rehearing.*

Messrs. Thomas, Bryant, Nye & Malburn, for plaintiffs in error.

Mr. George F. Dunklee, Mr. O. E. Jackson, Mr. Edward V. Dunklee, for defendants in error.

Mr. Justice Garrigues delivered the opinion of the court.

December 17, 1906, a decree was entered in a statutory proceeding adjudicating and settling the priority and amount of the Fearnley ditch appropriation. Plaintiffs in error were not parties to, and had no interest in that proceeding; but fearing that the decree contained recitals regarding the right of way of the ditch over their lands, which might be construed as a cloud upon their title, they filed a petition under the statute to reopen the decree. Defendants in error filed in answer to this, what they called a cross bill, alleging that plaintiffs in error in 1907 plowed up and destroyed the Fearnley ditch theretofore constructed, and having a right of way over their lands, and prayed that they be ordered to rebuild the ditch or if they failed to do so, that defendants in error be authorized to enter upon the premises and rebuilt it themselves. After overruling a demurrer to the cross bill, and hearing the evidence and arguments, the court, April 14, 1909, entered a supplemental decree finding, *inter alia,* that the Fearnley ditch had a right of way over their premises, which plaintiffs in error wrongfully plowed up and destroyed in February, 1907, and ordered, adjudged and decreed that they restore the ditch within 20 days or, if they failed, authorized defendants in error to enter upon the premises and reconstruct the ditch themselves. From this supplemental decree, defendants in error attempted to appeal to the supreme court, which

appeal was dismissed, because the decree was entered in a special statutory proceeding, and the appeal was prosecuted under the civil code and not under this statutory proceeding. See *Haines v. Fearnley,* 51 Colo. 317, 117 Pac. 162. Plaintiffs in error failed to comply with the court order, and their appeal having been dismissed, defendants in error, September 22, 1911, entered upon the premises with a force of men and teams, and were engaged in plowing up a portion of the land and building the ditch, when plaintiffs filed their complaint in this case to enjoin the alleged trespass upon their lands, and obtain a temporary restraining order under section 148, p. 252, laws of 1903, without notice. The first defense to this suit was a plea of *res adjudicata* based upon the adjudication proceeding, the decree in which was relied upon as justification for entering upon the land and building the ditch themselves. A demurrer to this defense was erroneously overruled. The second defense pleaded the decretal order in the adjudication proceeding and alleged plaintiffs had refused to comply with it, and that defendants had entered upon the premises, and were, at the time of receiving the temporary restraining order, engaged themselves in building the ditch; that no emergency existed for a temporary restraining order without notice, and that the pretended emergency therefor was brought about by plaintiffs' own act or omission. The only issue tried was the emergency for a temporary restraining order without notice. There was no other issue to try after the demurrer to the first defense which admitted the decretal order, was overruled. The court found this issue in favor of defendants and dismissed the complaint as the record shows, without regard to the merits thereof, and entered judgment summarily against plaintiffs and their sureties on the emergency bond. Plaintiffs bring the case here on error.

2. Defendants relied upon the decretal order as

their right and justification, and no other defense was pleaded. If the part of the decree relied upon was void, then as far as disclosed by this record, they had no defense and stood upon a void decree, which afforded them no protection and they were trespassers. In the former opinion, we held the adjudication was a statutory proceeding, provided for the purpose of settling the priority of right to the use of water for irrigation between ditches diverting water from the natural stream, and that nothing else could be adjudicated therein; that the attempted determination in the proceeding, of the ownership of a right of way for the ditch over the lands of plaintiffs, had no place in the decree, and was extra-judicial because the court possessed no jurisdiction to enter such a decretal order; that the clause relied upon as justification in the answer was void and afforded no protection because the court had no jurisdiction to make it; that the void portion of the decree was open to collateral attack and that plaintiff's demurrer to the first defense should have been sustained.—*Platte Water Co. v. Irrigation Co.,* 12 Colo. 525, 21 Pac. 711; *Oppenlander v. Left Hand Ditch Co.,* 18 Colo. 142, 31 Pac. 854; *Hallet v. Carpenter,* 37 Colo. 30, 86 Pac. 317; *Evans v. Swan,* 38 Colo. 93, 88 Pac. 149; *Rollins v. Fearnley,* 45 Colo. 319, 101 Pac. 345; *Putnam v. Curtis,* 7 Colo. App. 437, 43 Pac. 1056. With the law announced therein we are still content.

3. Defendants now urge, on petition for rehearing, that we ignored the finding and order of court dismissing the complaint without regard to the merits thereof.

The statute provides: "In the event the temporary restraining order shall issue without notice and it shall afterwards appear to the court, upon any hearing or trial of said matter, that the emergency alleged therefor did not exist, or, existing, was brought about by the act or omission of or for the plaintiff, or by his knowledge,

the court shall find and enter judgment accordingly, and shall, also, dismiss the complaint without respect to the merits thereof, and shall, also, summarily enter judgment on said emergency bond for the defendant and against the plaintiff and his sureties aforesaid, and issue execution therefor."

The court erroneously overruled the demurrer to a defense based upon that portion of the decree which was void on its face and afforded no more protection than if it had never been made, showing that the court misconceived the law by holding the decretal order valid. There is no other way of explaining its action in overruling the demurrer. If it had not made this mistake it must of necessity have found for plaintiffs upon the issue raised by the plea of *res judicata,* which, as the case then stood, would have made defendants trespassers. After making this disposition of the case we did not presume it would be longer contended that if defendants were trespassers, no emergency existed. The court must have found that the act and omission of plaintiffs which brought about the pretended necessity, was their omission to comply with the decretal order. It can hardly be believed that the court intended to find that trespassing upon the land of another with men and teams, and plowing up portions of alfalfa fields for the purpose of constructing a ditch thereon, with no right or authority, did not constitute necessity sufficient for a temporary restraining order without notice. If it did, it made a mistake. A land owner is not obliged to go into court and procure a temporary restraining order before any overt act of trespass is committed upon his premises. There is no conflict or dispute in the evidence. It shows that Fearnley insisted several times, under the decretal order, that Haines should rebuild the ditch, which he refused to do, because he considered that portion of the decree void, and ordered Fearnley to keep off the land. After one of

these conversations, Haines started to New York, and the next day Fearnley with a gang of men, to whom he paid extra wages because he expected a fight, and the sheriff, entered the premises and commenced building the ditch. They were ordered off by the man in charge, to whom they paid no attention, and this suit was immediately started. If the court meant that these acts, as shown by this record, constituted no emergency for a temporary restraining order without notice, its holding cannot be sustained. But we do not think it intended to so find. The court must have thought that the question of whether an emergency existed depended upon the validity of the court order, and having found the order valid by over-ruling plaintiff's demurrer, it seems to us the court disposed of the emergency question upon the erroneous theory that plaintiffs brought the trouble upon themselves and created the emergency by destroying the ditch and refusing to rebuild it. With the record before us, that contention cannot be sustained.

We do not wish it understood, however, that we are determining whether or not the Fearnley ditch has a right of way. We are only passing upon the record in this case. All we hold is that the first answer constituted no defense; that under the issues as formed, defendants were trespassers and that an emergency existed for a temporary restraining order without notice.

The former opinion is withdrawn, the motion for a rehearing denied, the judgment reversed and the case remanded with leave to defendants to amend their answer as they may be advised.

*Reversed.*

CHIEF JUSTICE MUSSER and Mr. JUSTICE SCOTT concur.

Decided November 3, A. D. 1913. Rehearing denied February 2, A. D. 1914.