## No. 8703.

FEARNLEY, ET AL., *v.* HAINES, ET AL., EXECUTORS.

Decided October 8, 1917.   Rehearing denied December 3, 1917.

Action to enjoin the reconstruction of an irrigating ditch across lands of plaintiffs. Judgment for plaintiffs.

*Reversed.*

1. IRRIGATION—*Ditch right of way.* Where a ditch owner is permitted without interference to construct a ditch over the land of another and the ditch is put in use, a right of way is thereby acquired and the necessity for condemning to obtain possession is obviated.

*Error to the District Court of Jefferson County, Hon. H. S. Class, Judge.*

Mr. GEORGE F. DUNKLEE, Mr. EDWARD V. DUNKLEE, Mr. O. E. JACKSON, Mr. ALLEN C. PHELPS, Mr. CHARLES H. SMALL, for plaintiffs in error.

Messrs. CRUMP & ALLEN, for defendants in error.

*En banc.*

MR. JUSTICE GARRIGUES delivered the opinion of the court.

THE FEARNLEY-HAINES ditch, land and water troubles have been here several times before. See *Rollins v. Fearnley,* 45 Colo. 319, 101 Pac. 345; *Haines v. Fearnley,* 51 Colo. 317, 117 Pac. 162; *Haines v. Fearnley,* 56 Colo. 243, 138 Pac. 541. These cases throw some light on the present controversy.

Haines and others, as executors, trustees and beneficiaries of the estate of Julia Merritt, brought this action in the district court against Joshua Fearnley and the Fearnley Investment Company, plaintiffs in error, to restrain them from reconstructing a ditch across a tract of land belonging to the estate. A trial to the court resulted in a judgment for plaintiffs, to review which, the case is brought here on error.

The only question involved is whether there was a right of way obtained across the premises for the irrigating ditch, the contention of plaintiffs in error being that the evidence does not support the judgment.

The following facts are uncontroverted: The ditch was constructed in 1880 for carrying water for irrigation across the premises; it had no deeded right of way, and what per-

mission, if any, was originally obtained from the owner, to go across the land, is not disclosed; the property then was vacant and unoccupied, and there appears to have been no objection from any source, at least none is shown, to the construction of the ditch; it was used for carrying water for irrigation from 1881 to 1889 inclusive, and thereafter at longer or shorter intervals; there being long periods when it was not used and out of repair, and then it would be cleaned out, repaired and again used to carry water as formerly; from the date of construction in 1880 down to 1907 when it was plowed up and destroyed by the owner of the premises, it was in evidence on the ground, plainly discernible and used whenever the occupants of the Fearnley ranch desired; Julia Merritt purchased the premises in 1897, and not only was the ditch then in existence on the land, but in the deed conveying it to her, was a clause reciting that the property was "subject to all rights of way and easements for ditches, reservoirs and irrigation purposes either recorded or appearing on the surface"; as stated, in 1907, the tenants on the Merritt ranch plowed up and destroyed the ditch and it was not until 1911, that the Fearnley people attempted to reconstruct it, when this action was instituted.

We are not concerned with the amount of available water nor the source of supply for the ditch. Neither are we confronted with any question of non-user, or abandonment of the right of way, as there is nothing in the pleadings or proof touching on that question. The issue is confined to the single proposition as to whether or not a right of way was acquired.

Defendants in error contend that the Fearnley people failed to prove any license, grant, permit, or conveyance under which the ditch was originally constructed, and that there had not been a continuous use of the ditch for 20 years; in other words, that no right of way was obtained by gift, purchase or condemnation, and that its acquisition cannot be predicated upon the doctrine of prescription for the reason that the easement was not continuously enjoyed,

without interruption, for twenty years. The court adopted these latter views and rendered judgment accordingly. In doing so, it must clearly have misapprehended the law applicable in this jurisdiction to the acquisition of rights of way for irrigation ditches. We have announced the rule many times governing this subject and it seems unnecessary at this time to more than reiterate the doctrine, "That where a ditch owner is permitted without interference to construct a ditch over the land of another and the ditch is put in use, a right of way is thereby acquired and the necessity for condemning to obtain possession is obviated." *Rogers v. Lower Creek Ditch Co.,* 63 Colo. 216, 165 Pac. 248.

The judgment is reversed and the cause remanded with directions to dismiss the action.