No. 9962.

BURKE *v.* THE SOUTH BOULDER CANON DITCH CO.

Decided January 9, 1922.   Rehearing denied February 6, 1922.

Action for damages occasioned by alleged negligent operation of an irrigating ditch. Judgment for defendant.

*Reversed.*

1.   NEGLIGENCE—*Defense—Custom.*   On an issue of negligence the defendant cannot prevail by showing that someone else has committed the same act as that which is charged as an act of negligence.

2. DAMAGES—*Evidence—Error.* In an action against an irrigating ditch company for damages to land occasioned by alleged negligent operation of their ditch, it was error to admit in evidence, over objections by plaintiff, an arbitration agreement for the construction of the original ditch of smaller size and which did not contemplate one of the size and capacity, for the negligent operation of which damages were claimed.

> It was also error to admit in evidence the findings of the referee and adjudication decree concerning the original ditch, of which the ditch complained of was an extension.

*Error to the District Court of Boulder County, Hon. George H. Bradfield, Judge.*

Mr. O. A. JOHNSON, for plaintiff in error.

Mr. F. S. LEUTHI, for defendant in error.

MR. JUSTICE TELLER delivered the opinion of the court.

PLAINTIFF in error was plaintiff below in an action against defendant in error for damages alleged to have resulted from the negligent operation of an irrigation ditch on plaintiff's land. The defendant had judgment and plaintiff brings error.

It appears from the record that the defendant's principal canal approached within about one-half mile of the defendant's land, and that from the main canal a ditch was constructed, in 1882, across an eighty-acre tract owned by defendant, which ditch was to supply water to the lands of one Price to the east of defendant's land. This extension ditch was constructed under an arbitration agreement, entered into between the land owners affected by it in 1882, in which year also in a general adjudication proceeding the defendant was awarded a decree for a large quantity of water, as of a date some years previous.

The testimony of plaintiff is to effect that this extension ditch when first constructed was from three and a half to four feet wide at the bottom, five feet at the top and fourteen to sixteen inches deep; that it carried at first from

three hundred to four hundred inches of water. Some years later water was furnished through it to another farmer, and still later water was run through said ditch to supply the town of Erie. He testified further that there had recently been flowing through the ditch an average of three thousand inches. The testimony shows that the ditch has been increased in depth and width, until shortly before the trial it averaged seven feet and two inches in depth, and twenty-one feet in width, being at some places as wide as thirty-two feet. The fall across the eighty acres, as testified to by plaintiff's engineer, was eleven and thirty-eight hundredths feet.

Plaintiff testified as to the amount and value of the land destroyed or injured by the ditch; also that he had for years been endeavoring to induce the owners of the ditch to take steps to prevent its continued widening and deepening, to put in "stops," or small dams, at intervals, to check the flow, but without having secured any action in the matter.

It is urged as error that evidence was admitted, over repeated objections thereto, as to the grade, depth and condition of other ditches in that vicinity. In short, the attempt was to establish a custom of constructing and operating ditches, and to show that other ditches were worse, or at least no better, than was this ditch, in the matters of which complaint is made.

On an issue of negligence the defendant cannot prevail by showing that some one else has committed the same act as that which is charged as an act of negligence.

In *Jenkins v. Hooper, et al.*, 13 Utah, 100, 44 Pac. 829, the court had under consideration a judgment in an action for damages resulting from the negligent care of an irrigation canal.

Evidence was admitted as to the custom in the cleaning of other ditches; held error. The court said:

"The care and attention which the law required the defendants to give to their ditch, by way of cleaning it out, or otherwise, could not be tested by the amount of care

and attention given by other companies to theirs. The men in charge of their ditches might have been careless or prudent. They may have exercised reasonable care, or they may not have done so. * * * The true standard by which to test the charge of negligence was one of prudence and care. * * * The care or negligence of other men in charge of other ditches was not material to the issue in this case."

In *Earl v. Crouch,* 16 N. Y. Supp. 770, the court said that upon the issue of negligence the question is not what other men have done, but what men ought to do.

In *Pulsifer v. Berry,* 87 Me. 405, 32 Atl. 986, a negligence case, the court said:

"It was a simple question of fact for the jury to determine whether, under the particular circumstances and conditions shown to exist in the case, the defendants had omitted any precautions which ordinarily careful and prudent men in the same relation would not have omitted, or performed any acts which ordinarily prudent men would not have performed. * * * It is impossible, in the first place, that there should be any uniform practice or fixed standard of care, with respect to a duty so peculiarly dependent upon varying circumstances and conditions as that of guarding fire to prevent its spreading. * * * Not even a general custom can be deemed a relevant fact in an action for negligence respecting any non-contractual duty which is not performed under fixed conditions."

In Deering on Negligence, section 9, it is said:

"It may be stated as a general rule that where a party is charged with negligence, he will not be allowed to show that the act complained of was customary among those engaged in a similar occupation, or those placed under like circumstances and owing the same duties."

In *Hill v. Winsor,* 118 Mass. 251, the court said:

"There is no rule of law which exempts one from the consequences of his negligent conduct upon proof that he proceeded in the usual manner and took the usual course pursued by parties similarly situated, * * *. The de-

fendants cannot protect themselves by proving the careless practices of others."

It was also urged as error that the court admitted in the evidence the arbitration agreement. Clearly that agreement had no bearing upon the question at issue. It had to do with damages for the right of way for the extension ditch. As the evidence of the defendant's president shows that the ditch was made by plowing three furrows, and was only six feet wide at the bottom, it is impossible that that agreement should have contemplated such a ditch as is now on the land.

It is also urged as error to admit the original adjudication decree, and the findings of the referee, which formed the basis of the decree. They had to do with the main canal, which did not even touch the township in which plaintiff's land lies.

Counsel for defendant in error contends that the evidence as to custom was justified by the introduction of evidence as to custom by one of the plaintiff's witnesses.

A question put to him was whether or not caving of the banks of a ditch constructed as theretofore stated, was usual and "customary". It had nothing to do with the custom of building or maintaining ditches.

The evidence as to custom was very likely to lead the jury to suppose that such custom settled the question as to the proper method of operating ditches. Likewise, the admission of the arbitration agreement, and the original decree tended to confuse the jury, and almost certainly misled them.

There was error, therefore, in all of these matters for which the judgment must be reversed, and it is so ordered.

MR. JUSTICE ALLEN and MR. JUSTICE BURKE concur.