## No. 10,963.

### BURKE *v.* SOUTH BOULDER CANON DITCH CO.

Decided December 1, 1924. Rehearing denied January 5, 1925.

Action for injunction and damages. Judgment for defendant.

### *Reversed.*

1.  EVIDENCE—*Damages—Ditch Operation.* On the question of the proper care of an irrigating ditch, evidence as to the care and condition of other ditches held inadmissible in the absence of a showing of similarity between the ditches.

2.  *Negligence—Jury Question.* It was for the jury to determine whether certain acts constituted negligence, and testimony that the acts were negligent, held inadmissible.

3.  WATER RIGHTS—*Ditches—Stops.* If stops are necessary to the proper operation of a ditch, the owner must put them in and be responsible for any resulting actionable injury.

4.  *Adjudication—What Determined.* An adjudication proceeding is for the purpose of settling priority of right to the use of water for irrigation and nothing else can be adjudicated therein.

5.  *Evidence—Decree.* The granting of a priority to use of water can have no bearing on the operation of the ditch, and the admission of a decree in evidence in an action involving the question of proper management, is error.

6.  TRIAL—*Opening Statement of Counsel.* Objections to opening statements of counsel concerning evidence which is inadmissible, should be sustained.

7.  ACTIONS—*Legal or Equitable.* The facts set forth in the pleadings, and the remedy sought, determine whether a cause of action pleaded is legal or equitable.

8.  *Legal or Equitable.* Where the allegations in a complaint present a case in equity, a claim for damages is merely incidental and does not change the nature of the action.

9.  EQUITY—*Verdict.* The verdict of a jury in an equity case is advisory only.

*Error to the District Court of Boulder County, Hon.
Neil F. Graham, Judge.*

Mr. O. A. JOHNSON, Mr. GUY D. DUNCAN, for plaintiff
in error.

Mr. F. S. LUETHI, for defendant in error.

*Department One.*

MR. CHIEF JUSTICE TELLER delivered the opinion of the
court.

THIS cause, under the same title, was here on error to a
judgment in favor of defendant, and the judgment was re-
versed because of errors in the admission of evidence. The
facts are stated in the opinion, 71 Colo. 58, 203 Pac. 1098.
On the second trial the defendant again had judgment, and
the plaintiff brings error. The record discloses that errors
for which the judgment was reversed were again com-
mitted on the second trial.

In reversing the judgment we pointed out that on the
question of proper care of the ditch it was not permitted
to the defendant to show that other ditches did not have
stops placed in them to regulate the flow of water, there
being no other facts concerning them shown in evidence.

In this case the testimony as to other ditches was admit-
ted over plaintiff's objection, though it does not appear
how the absence of stops in ditches, whose grade was not
shown, could throw light on the charge of improper man-
agement of a ditch which has a fall of over eleven feet in
eighty rods, where it crosses plaintiff's land.

Error is assigned also on the overruling of an objection
to testimony that certain acts constitute negligence. As it
was for the jury to determine whether or not those acts
were negligent, the evidence was inadmissible.

Defendant sets up the novel defense that it offered to
comply with plaintiff's demand that stops be put in the
ditch to retard the flow of water, if plaintiff would agree
to protect defendant from damages resulting from seepage
caused by the stops. If stops were in fact necessary to the

proper operation of the ditch, it was the duty of defendant to put them in, and be responsible for any actionable injury caused by them.

Error is assigned also on the admission of opinion evidence but as that kind of evidence was put in by both parties we will not discuss the question further than to say that much of it was incompetent, and such evidence should be excluded, if the case is tried again.

Over the objections of plaintiff, the court admitted in evidence several decrees as to the right of the defendant to flow water through defendant's ditch, and extensions thereof, to fill certain reservoirs. The admission of this evidence is assigned as error.

This court is committed to the doctrine that an adjudication proceeding is for the purpose of settling the priority of right to the use of water for irrigation, and that nothing else can be adjudicated therein. *Haines v. Fearnley,* 56 Colo. 243, 138 Pac. 541.

It is manifest that the granting of a priority to the ditch, or to the reservoirs, can have no possible bearing upon an issue as to the proper management of the ditch where it crosses plaintiff's land. The admission was prejudicial error, as the jury was very likely to presume from decree a right to run a large quantity of water through the extension, without regard to the action of the defendant in controlling the flow. The decree of 1907 being inadmissible, the objection to the opening statement of defendant's counsel concerning it, should have been sustained.

The court, holding that the action was at law, rejected evidence offered by plaintiff in support of the allegation that the injury was continuing; that it was irreparable; that he had no adequate remedy at law, and that he was entitled to injunctive relief.

In the complaint it is alleged that, unless the defendant be compelled to maintain the ditch in good order and repair, and in such manner as to prevent water flowing therein from further washing out and carrying away plaintiff's land, the defendant would continue to operate the ditch in

the manner of which complaint was made, to plaintiff's damage. The prayer of the complaint is that the defendant be, by mandatory injunction, compelled to maintain the ditch in such condition as to prevent further injuries, such as those of which complaint was made.

The settled rule is that the facts set forth in the pleadings, and the remedy sought, determine whether the cause of action pleaded is at law or in equity. *State, ex rel. v. Evans,* 176 Mo. 310, 75 S. W. 914; *Wyatt v. Irrigation Co.,* 18 Colo. 298-315, 33 Pac. 144, 36 Am. St. Rep. 280; *Armstrong Cork Co. v. Merchants' Refrigerating Co.,* 184 Fed. 199.

The allegations in the complaint present a case in equity; the claim for damages was merely incidental. The rejection of the evidence offered was error.

As we have already determined that the cause was one in equity, it follows that the verdict was advisory merely, and we need not, therefore, discuss the instructions.

For the reasons above stated, the judgment is reversed.

MR. JUSTICE ALLEN and MR. JUSTICE BURKE concur.