No. 17,582.

PEOPLE OF THE STATE OF COLORADO *v*.
RALPH GOMEZ.
(283 P. [2d] 949)

Decided May 23, 1955.

Mr. DUKE W. DUNBAR, Attorney General, for plaintiff in error.

Mr. BERT M. KEATING, District Attorney, Second Ju-

dicial District, Mr. MAX D. MELVILLE, Assistant District Attorney, Second Judicial District, of Counsel.

No appearance for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE ALTER delivered the opinion of the Court.

IN an information filed in the district court Ralph Gomez, alias Ralph Cruz, was charged with the crime of burglary. On the day set for the trial of the cause, and at the conclusion of the opening statement of the district attorney, on motion of defendant's counsel, the court directed the jury to return a verdict of not guilty, and defendant was discharged. The People bring the case to this Court by writ of error under the provisions of C.R.S. '53, 39-7-27, seeking a disapproval of the trial court's disposition of the cause.

The record shows that the district attorney in his opening statement, after detailing the evidence with reference to the burglarizing of a liquor store, concluded his statement thusly: "that the police arrived, and 'that as a result of the investigation conducted by them, this defendant was filed against for participation in the commission of this crime." Whereupon the defendant's counsel stated, "—on the opening statement, we would like to move, outside of the presence of the jury, for a dismissal." Apparently some argument on the motion occurred out of the presence of the jury, whereupon the court announced:

"I have looked up the law. You failed to state anything in your opening statement which would constitute a charge against the defendant. For that reason, the Court is going to grant the motion. Bring in the jury.

\* \* \*

"Mr. Rosenbaum (Deputy District Attorney): Your

Honor, for the record, I would like to move to amend my opening statement.

"The Court: It is too late."

The court then addressed the jury as follows:

"Ladies and Gentlemen: At the close of the prosecution's opening statement, the defendant's counsel has moved for a directed verdict for the reason and on the ground that the district attorney has failed to state any facts which could constitute the basis for a charge in this case. The Court considered the law in this case, and the Court finds that the motion is good; that the district attorney has failed to set forth any facts which were committed by the defendant on which any conviction can be based. For that reason the court is going to direct a verdict of not guilty, * * *."

The assignments of error are two in number: 1. Error in the direction of a verdict; 2. denial of motion for leave to amend opening statement. These assignments will be consolidated for discussion.

Counsel for the People rely solely upon the text found in 23 C.J.S., Criminal Law, p. 670, sec. 1145 (5), in support of their position that error was committed by the trial court. There is no appearance in this Court for the defendant in error.

Our study of the questions presented prompts the statement that there is no statute nor rule of court in this jurisdiction requiring the prosecuting attorney in the trial of any criminal case to make any opening statement whatever to the jury, and it is within his discretion to do or not to do so. We appreciate the importance of advising a jury in a criminal case of the evidence upon which the People will rely for a conviction in order that it may better understand the evidence as it is presented. In the instant case the jurors were advised by the district attorney in his opening statement what he would undertake to establish as a factual situation in connection with the charge of burglary, and then concluded by stating that he would undertake to establish the partici-

pation of defendant in the commission of the crime. We believe this opening statement to be legally sufficient to entitle the district attorney to introduce evidence in support of the burglary charge. The word "participates" connotes, according to Webster's New International Dictionary, "To have a share in common with others; to take part, to partake; share." It is obvious that if the district attorney intended to present evidence which established that defendant participated in the commission of a crime of burglary, error was committed in directing the verdict at the conclusion of his opening statement. Furthermore, before the court actually directed its verdict the district attorney asked leave to amend his opening statement, and this right being denied him, error likewise was committed. It is well-settled law, we believe, that the purpose of an opening statement is merely to advise the jury of the question and facts involved in the matter before it. Before the court is warranted in terminating a case after the opening statement of plaintiff's counsel, it must affirmatively be established that plaintiff has no right, under any circumstances, with all inferences considered in a most favorable light to him, to recover, and, further, after the plaintiff has been given full opportunity to correct, amend or embellish his opening statement subsequent to the defendant's motion to dismiss or direct a verdict.

A careful reading of the following decisions will furnish ample support for the position taken by this Court in disapproving of the ruling of the trial court and its disposition of the case: *People v. Webber,* 149 Calif. 325, 86 Pac. 671; *Rock River Investment Co. v. Mountain Finance Corporation,* 94 Colo. 539, 31 P. (2d) 914; *Shore v. Building Council,* 128 Colo. 424, 263 P. (2d) 315; *United States v. Dietrich,* 126 Fed. 676; *McGovern v. Hitt,* 64 F. (2d) 156; *Stuthman v. United States,* 67 F. (2d) 521; *Rose v. United States,* 149 F. (2d) 755; *McGuire v. United States,* 152 F. (2d) 577; *Best, Administrator v. District of Columbia,* 291 U.S. 411; 83 A.L.R.

580

221; 129 A.L.R. 557; 53 Am. Jur., 371, et seq. p. 302; 23 C.J.S. sec. 1085, p. 526, et seq., sec. 1145 (5), p. 670, et seq.

The trial court erred in granting defendant's motion for a directed verdict at the conclusion of the prosecuting attorney's opening statement, and its action in so doing is disapproved.