## No. 27996

## The People of the State of Colorado v. Jeffery D. Barron
(578 P.2d 649)

Decided May 15, 1978.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, Karen Hoffman Seymour, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Robert L. Patterson, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE CARRIGAN delivered the opinion of the Court.

After a jury trial, the appellant was convicted of one count of pimping.[1] We affirm the conviction.

The appellant first argues that the trial court erroneously denied his motion to dismiss after the prosecution's opening statement. He contends, specifically, that the district attorney failed to state what evidence would show that the appellant had lived on or been "supported or maintained in whole or in part by money . . . earned, received, procured, or realized by any other person through prostitution . . . ." Section 18-7-206, C.R.S. 1973.

The prosecution is not required to make an opening statement in Colorado; the district attorney, in his discretion may waive opening statement. *Mora v. People,* 172 Colo. 261, 472 P.2d 142 (1970); *People v. Gomez,* 131 Colo. 576, 283 P.2d 949 (1955). Moreover, the primary purpose of an opening statement is to provide the jury, in brief, outline

---

[1] Section 18-7-206, C.R.S. 1973.

form and without argument, a preview of what counsel expects to show by the evidence he intends to present. Since it is only very rarely that one witness has competent evidence of all the essential facts, the narrative of the events giving rise to the trial usually must be presented piecemeal, in a disjointed fashion. The opening statement, like the picture on the box containing a jigsaw puzzle, can give the jury an advance idea of how the various items of evidence fit together. Its purpose is introductory. This court has never imposed rigid requirements on the content of an opening statement in a criminal case. *See People v. Gomez, supra.*

Here the district attorney apprised the jurors of the evidence he expected to present, including testimony by a prostitute regarding her relationship with the appellant, the appellant's spending habits, his lack of other significant sources of income, and his having accepted money she had earned as a prostitute. This opening statement, while perhaps not perfect, was clearly adequate to inform the jury of the prosecution's intent to prove that the appellant was supported, at least in part, by earnings from prostitution. Therefore the motion to dismiss was properly denied.

Second, the appellant contends that the trial court erred in denying his motion for acquittal at the close of the prosecution's case. In a separate but closely related argument, the appellant contends that the evidence was insufficient to sustain a guilty verdict. We do not agree with either contention.

On a motion for acquittal, the issue before the trial judge is whether the evidence, viewed as a whole and in a light most favorable to the prosecution, is sufficient to support a conclusion by reasonable minds that the defendant is guilty of the charge beyond a reasonable doubt. *People v. Bennett,* 183 Colo. 125, 515 P.2d 466 (1973).

In this case, the prosecution presented evidence that a prostitute had given all her earnings for a certain time period to the appellant, and that the appellant's other sources of income were insufficient to pay his living expenses. Viewing this evidence in a light most favorable to the prosecution, it clearly supported a reasonable inference that the appellant had knowingly lived on or been supported in whole or in part by money earned through prostitution.

Similarly, relying on the fact that the appellant took the stand, denied receiving the prostitute's money, and explained his capacity to support himself, the appellant contends that there was insufficient evidence to support a guilty verdict. However, as we have already noted, there was sufficient evidence to uphold a conclusion in the minds of reasonable persons that the appellant was guilty beyond a reasonable doubt. The jurors, as finders of fact, were entitled to disbelieve the appellant's version of the case. *E.g., People v. Gladney,* 194 Colo. 68, 570 P.2d 231 (1977). Therefore we will not disturb the jury"s verdict.

Finally, the appellant challenges the facial constitutionality of the pimping statute, contending that it is vague and overbroad, and proscribes not only culpable, but also nonculpable conduct. We have recently rejected the same arguments in *People v. Stage,* 195 Colo. 110, 575 P.2d 423 (1978).

Accordingly, the trial court's judgment is affirmed.