The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Gilbert P. BUSTOS,
Defendant-Appellant.

No. 84CA1072.

Colorado Court of Appeals,
Div. II.

Aug. 28, 1986.

Forman, Sol. Gen., Robert Petrusak, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Mark S. Bove, Denver, for defendant-appellant.

SMITH, Judge.

Defendant, Gilbert Bustos, appeals the judgment of the trial court entered on a jury verdict finding him guilty of possession of cocaine. We affirm.

On the evening of April 8, 1982, defendant and a friend invited two prostitutes to "party" at defendant's home. When the women arrived, they were offered a white powdery substance that was represented to be cocaine. After several attempts to cook and smoke the substance, which caused them to cough and suffer other ill effects, the women asked to be taken home. Defendant became angry, threatened them, and refused to take them back to their hotel. The two women then left and reported the incident to police.

The following day, a search was conducted of defendant's home and various items of drug paraphernalia, along with a quantity of a white powder substance, were seized. The white powder was analyzed by police and found to contain 12% cocaine.

### I.

Defendant first argues that the trial court committed reversible error by refusing to give a lesser non-included offense instruction which he asserts supported his theory of the case. The instruction which was refused by the trial court was one defining possession of drug paraphernalia, a class two petty offense. We perceive no error in the court's refusal.

The defendant is entitled to an instruction on his theory of the case whenever that theory is supported by the evidence. *People v. White*, 191 Colo. 353, 553 P.2d 68 (1976). Before a lesser non-included offense may be submitted to the jury in a theory of the case instruction, however, there must be a rational basis for the jury to acquit the defendant of the offense charged and simultaneously find him guilty

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H.

of the lesser offense. *People v. Aragon,* 653 P.2d 715 (Colo.1982); *People v. Rivera,* 186 Colo. 24, 525 P.2d 431 (1974).

■ Here, defendant's theory of the case was that he did not know the substance in his possession was cocaine, but rather thought it was ultracaine, a legal substance with many of the same physical properties of cocaine but not possessing the same pharmacologic effects.

We do not see how the instruction on possession of drug paraphernalia would have supported defendant's theory of defense.

Further, none of the elements of the offense of possession of drug paraphernalia are the same as those that relate to the charge of possession of a controlled substance, and a determination that defendant was guilty of the lesser offense would have in no way tended to disprove the greater charge nor presented a rational basis on which the jury could have chosen between them. *See People v. Aragon, supra.*

Additionally, we note that the jury was properly instructed that to return a guilty verdict on the drug possession charge it was required to find from the evidence that each and every element of the count was proven beyond a reasonable doubt. Although in *People v. Rivera, supra,* the supreme court stated that, without an instruction on a lesser offense, "the jury may be aware of the commission of a crime, not the principal charge, and yet convict the defendant of the greater crime," the jury, nonetheless, is presumed to have followed the instructions given it. *People v. Lesh,* 668 P.2d 1362 (Colo.1983). And, defendant presented nothing that would overcome this presumption.

Hence, we conclude that there was no error in the refusal of the trial court to give the tendered instruction on possession of drug paraphernalia.

## II.

Defendant next contends that the trial court erred by refusing to give his ten-dered missing witness instruction. That instruction provided:

"If you find that it was within the power of the prosecution to produce witnesses who could give material testimony on an issue in the case, the failure of the prosecution to call such witnesses allows you to infer or presume that their testimony would be unfavorable to the prosecution and favorable to the defendant."

We conclude that the trial court properly refused to give this instruction to the jury.

During the course of these proceedings the parties were unable to locate one of the two women who had been at the defendant's home on the evening of April 8th. The People were ordered to produce this witness but, in spite of the fact that they made what the trial court found were reasonable efforts in that regard, they were unable to do so.

■ The prosecution has a duty to make reasonable efforts to maintain contact with informants in criminal cases. It also has the obligation to provide the defense with all pertinent information in its possession which might assist in locating such informants. *See People v. Butcher,* 194 Colo. 22, 568 P.2d 1169 (1977); *People v. Pratt,* 191 Colo. 362, 553 P.2d 70 (1976). However, a missing witness instruction is not warranted unless it is solely within the prosecution's power to call the witness to testify. *United States v. Montoya,* 676 F.2d 428 (10th Cir.), *cert. denied,* 459 U.S. 856, 103 S.Ct. 124, 74 L.Ed.2d 108 (1982).

■ Here, there is no evidence that the prosecution was trying to withhold exculpatory evidence or that the witness remained peculiarly within its control. *See United States v. Noah,* 475 F.2d 688 (9th Cir.), *cert. denied,* 414 U.S. 821, 94 S.Ct. 119, 38 L.Ed.2d 54 (1973). On the contrary, the prosecution discharged its duty by making reasonable, and what the trial court described at one point as extensive, efforts to find and produce this witness. Therefore, the trial court did not abuse its discretion by refusing to give the requested instruction.

### III.

Defendant next contends that the trial court improperly limited his cross-examination of certain witnesses and that he was, therefore, not able fully to impeach their credibility. We disagree.

■ The right of a criminal defendant to confront his accusers includes the right liberally to cross-examine and impeach the credibility of adverse witnesses. *People v. Crawford*, 191 Colo. 504, 553 P.2d 827 (1976). However, the trial court has broad discretion to preclude inquiries that have no probative force or are irrelevant or have little bearing on the witness' credibility but would substantially impugn his character. *People v. Cole*, 654 P.2d 830 (Colo.1982); *People v. Taylor*, 190 Colo. 210, 545 P.2d 703 (1976); *People v. Saldana*, 670 P.2d 14 (Colo.App.1983).

■ Here, the trial court ruled that defense counsel could not question one of the prostitutes as to her use of various aliases in the past. Rather the only names that could be used were the names given to her at birth, the name she used when she contacted the Brighton Police Department, and the name she was using at the time of trial. Further, the court did not allow inquiry into her past misdemeanor arrests, the fact that she left the jurisdiction sometime after defendant was arrested in 1982, and that she had cashed in one of the airline tickets sent her by the prosecution instead of using it to come to Colorado to testify in the trial.

The court similarly disallowed inquiry into efforts of a defense investigator to ascertain the whereabouts of the two complaining witnesses, the use of an alias by the other complaining witness who was not present at trial, and the actions of police relating to another witness who had been present at defendant's home on the evening of April 8th, but who had not been arrested nor charged with any offense.

We find no abuse of discretion in the conclusion of the trial court that this evidence was irrelevant and should not have been admitted.

### IV.

The defendant next argues that the trial court erred in repeatedly sustaining objections to defense counsel's opening statement, in otherwise interrupting the statement, and in making prejudicial comments in front of the jury.

■ The primary purpose of an opening statement is to provide the jury with a brief introductory outline, without argument, of what counsel expects the evidence will show. There are no rigid requirements on the content of an opening statement in a criminal case, and the judgment of the trial court as to what will be allowed will not be overturned absent an abuse of discretion. *People v. Barron*, 195 Colo. 390, 578 P.2d 649 (1978); *People v. Jacobs*, 179 Colo. 182, 499 P.2d 615 (1925). Objections to any comments made referring to inadmissible evidence in an opening argument should be sustained. *Burke v. South Boulder Canon Ditch Co.*, 76 Colo. 354, 231 P. 674 (1925).

■ Here, the trial court did not sustain any objection or otherwise interrupt defense counsel's opening statement until he began improperly commenting on evidence which was not admissible and which the trial court had ruled that very morning could not be introduced. We therefore find no abuse of discretion by the trial court in so limiting the opening statement.

■ At one point, while objecting to defense counsel's comments, the prosecutor asked the court to instruct counsel that he was making an improper opening statement. In response to this the court stated:

"I would indicate, Mr. Bove, if you continue this way I am going to declare a mistrial and place your defendant in jail until we can get another jury impaneled. The issue in an opening statement is a brief outline of what the evidence will show. This evidence is not admissible in a court and you know it and...."

We note that defense counsel did not contemporaneously object to this comment, ask for a curative instruction, move for a

mistrial, or raise this issue in his motion for a new trial. Further, it was not included in his notice of appeal but was raised for the first time in his opening brief to this court.

Hence, this allegation of error must be addressed under a plain error standard. *See People v. Bridges,* 620 P.2d 1 (Colo. 1980); C.R.C.P. 52(b).

Although the trial court should have admonished defense counsel out of the hearing of the jury, we do not find that these comments sufficiently prejudiced defendant to constitute plain error.

### V.

Defendant next contends that the trial court erred in denying his motion for a continuance on the first day of trial in order to have the prosecution secure the presence of a material witness previously ordered produced by the trial court. We disagree.

The granting or denial of a motion for continuance lies within the sound discretion of the trial court. *Miller v. People,* 178 Colo. 397, 497 P.2d 992 (1972). Unless the denial of a continuance is clearly an abuse of that discretion, such a ruling is not a sufficient basis to overturn a conviction. *People v. Dillon,* 633 P.2d 504 (Colo.App. 1981).

■■■ Here, the trial court found that reasonable efforts had been made to locate the witness in question. Defendant made his motion to continue on the morning of trial before the jury was impaneled, and the trial court allowed him until after the lunch hour to see if the witness still resided at a motel in Los Angeles. Defense counsel contacted the motel owner who was uncooperative. The trial court then denied the motion to continue but had the prosecutor convey information on this witness' whereabouts to the Los Angeles Police Department to see if she could be found before the end of trial. Since extensive but fruitless efforts had been made to find this witness, the trial court did not abuse its discretion in refusing to grant a continuance.

### VI.

Defendant's last contention is that the trial court erred by allowing the admission of a threatening statement made by defendant to police officers at the time they were searching his house.

■■■ Defendant first objects to the use of this statement because of a stipulation with the previous prosecutor in the case that the statement would not be admitted at trial. However, the first trial of this matter ended in a mistrial and a new prosecutor was appointed. Defendant discussed the stipulation with the court and the new prosecutor prior to trial, but it is not clear from the record whether either of them understood that this particular statement was covered by the stipulation. The stipulation was not written, there is no other evidence of it in the record, and thus the court did not err in not complying with its purported terms.

■■■ Defendant also argues that the statement was irrelevant and that its probative value was substantially outweighed by the danger of unfair prejudice. The prosecutor argued that the statement was offered as evidence of guilty knowledge.

We agree with the trial court that the statement had little relevance. We also agree, however, that it was not so prejudicial as to require a mistrial or reversal on appeal. *See People v. Abbott,* 690 P.2d 1263 (Colo.1984); *People v. Lowe,* 184 Colo. 182, 519 P.2d 344 (1974).

Accordingly, the judgment is affirmed.

STERNBERG and BABCOCK, JJ., concur.