**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Jimmy C. SKINNER, Defendant-Appellant.**

**No. 90CA0548.**

Colorado Court of Appeals, Div. IV.

Aug. 1, 1991.
Rehearing Denied Sept. 26, 1991.
Certiorari Denied Feb. 24, 1992.

---

\* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.* art. VI, § 5(3), and

§ 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Catherine P. Adkisson, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Janet Fullmer Youtz, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge ROTHENBERG.

Defendant, Jimmy C. Skinner, appeals the judgment of conviction entered on a jury verdict finding him guilty of second degree sexual assault. We affirm.

## I.

Defendant first contends that the evidence was insufficient to sustain his conviction. We disagree.

█ When assessing the sufficiency of the evidence, a reviewing court must determine whether any rational trier of fact might accept the evidence, taken as a whole and in the light most favorable to the prosecution, as substantial and sufficient to support a finding of the accused's guilt beyond a reasonable doubt. *Kogan v. People,* 756 P.2d 945 (Colo.1988).

█ Here, the victim testified that she performed fellatio on the defendant against her will and that her submission was achieved through threats. Her testimony was disputed by the defendant, but was obviously believed by the jury. *See People v. Brassfield,* 652 P.2d 588 (Colo.1982). Thus, there was a sufficient basis for the conviction of second degree sexual assault.

## II.

Defendant also contends that the court erred in instructing the jurors by characterizing two misdemeanor charges which he requested as lesser *included* offenses of second degree sexual assault, rather than as lesser *non-*included offenses. We conclude that the error was harmless.

### A.

### LESSER INCLUDED OFFENSES

In *People v. Rivera,* 186 Colo. 24, 525 P.2d 431 (1974), our supreme court adopted the "statutory test" in determining when an offense is lesser included. The court held that the test is met when " 'the establishment of the essential elements of the greater necessarily establishes *all* of the elements required to prove the lesser....' " (emphasis in *Rivera* ).

In addition, § 18–1–408(5)(a), C.R.S. (1986 Repl. Vol. 8B) states that an offense is lesser included when "[i]t is established by proof of the same or less than all the facts required to establish the commission of the offense charged." *See also People v. Henderson,* 810 P.2d 1058 (Colo.1991).

█ Either the prosecution or the defense is entitled to an instruction on a lesser included offense whenever there is a "rational basis for the jury to acquit the defendant of the original offense charged and convict the defendant of the lesser offense." *People v. Rivera, supra.* As to such offenses, the jury should be instructed that it may not consider the lesser included offense until it has decided to acquit

on the original offense. *See COLJI–Crim. No. 38:06 (1983).*

■ Importantly, if an offense is characterized as "lesser included," the doctrine of merger applies which protects a defendant from being punished twice for one criminal act. *See People v. Henderson, supra.*

## B.

### LESSER NON–INCLUDED OFFENSES

There is no statute defining lesser non-included offenses, nor is there a set definition in the case law or the treatises. *See generally* 1 *Wharton's Criminal Law* § 24 (14th Ed.1978). An analysis of the reported cases suggests that a lesser non-included offense may be any offense lesser in severity than the original charged offense, provided that such lesser offense arises from the same facts leading to the original charge, and that such lesser offense also contains at least one element not contained in the charged offense. *See, e.g., People v. Bustos,* 725 P.2d 1174 (Colo.App. 1986).

A lesser non-included offense instruction is tantamount to a defendant's theory of the case instruction. As our supreme court said in *People v. Rivera, supra:*

> "[A] theory of the case instruction which permits the jury to find a defendant innocent of the principal charge and guilty of a lesser charge should be given when warranted by the evidence."

Thus, a defendant's request for a lesser non-included offense instruction is in the nature of a strategy. However, it is unlike an alibi defense, which essentially denies that the defendant committed the act charged, or an affirmative defense such as self defense, which basically "admits the doing of the act charged but seeks to justify, excuse or mitigate it." *See People v. Huckleberry,* 768 P.2d 1235 (Colo.1989).

Normally, by asking for a lesser non-included offense instruction, the defendant will deny the original charge, but admit committing a lesser offense which carries a less severe penalty. Here, for example, Skinner admitted the crime of patronizing a prostitute (a misdemeanor), but denied committing first or second degree sexual assault (felonies).

■ Adding somewhat to the confusion between lesser included and non-included offenses is the fact that the same legal standard is used to determine when the court should give either instruction. Thus, an instruction on a lesser non-included offense should be given "if there is a rational basis for the jury to acquit the defendant of the offense charged and simultaneously find him guilty of the lesser offense." *People v. Bustos, supra.*

■ Another important distinction is that both the prosecutor and the defendant may ask the court to instruct the jury on lesser included offenses; however a lesser non-included offense instruction may be given only if the defendant requests it or consents to it. The reason for this was stated in *Rivera:*

> "[A lesser non-included offense instruction] is tantamount to the defendant's consent to an added count being charged against him and somewhat similar to the civil procedure rule permitting amendment of the pleadings to conform to the evidence.... Without such an instruction, the jury may be aware of the commission of a crime, not the principal charge, and yet convict the defendant of the greater crime."

The important point is that without proper instruction on a lesser non-included offense, the jury might not be aware that it has the option of acquitting the defendant on the greater charge and convicting him of a lesser charge.

Still another difference between lesser included and lesser non-included offenses is that § 18–1–408(1)(a), C.R.S. (1986 Repo. Vol. 8B) specifically precludes a jury from convicting on the original charged offense, and also convicting on a lesser included offense. This is the statutory equivalent of the doctrine of merger. *See People v. Henderson, supra.*

■ In contrast, no such statute precludes a jury or court from convicting a defendant of the original offense, and *also*

convicting the defendant of any lesser non-included offense. Nor is there a logical or constitutional bar preventing such a result since the offenses contain different elements and the doctrine of merger does not apply. *See People v. Henderson, supra.*

We recognize that certain language used in *People v. Bustos, supra,* could be construed to suggest that a jury must first acquit defendant of the original offense before even considering a lesser non-included offense. *See also People v. Garcia,* 541 P.2d 1268 (Colo.App.1975) (not selected for official publication).

In *Bustos,* a defendant charged with possession of cocaine requested the lesser non-included offense instruction of possession of drug paraphernalia. The trial court refused it, and after conviction, the defendant appealed. This court affirmed, and found that since the defendant's theory of the case was inconsistent with his requested instruction, the trial court correctly refused it.

 *Bustos,* however, did not involve any lesser included offenses, only lesser non-included offenses, and consequently, the issue of merger did not arise. *See People v. Henderson, supra.* Therefore, in our view, *Bustos* does not require that the jury *must* first acquit the defendant of the greater charge before considering a lesser non-included offense. It requires only that before a court gives a lesser non-included offense instruction, there must be some rational evidentiary basis which *would allow* the jury to acquit the defendant on the greater charge and convict him on the lesser offense.

As the court stated in *People v. Rivera, supra:*

"Where a defendant acquiesces in placing a lesser [non-included] crime before the jury, the requested instruction *allows* the jury to consider fully the elements of the crime charged *and* of the offense the defendant contends was involved.···" (emphasis added)

### III.

Here, Skinner asked the court to instruct the jury on two misdemeanor charges which were lesser non-included offenses: theft and patronizing a prostitute. The court did so, using the pattern jury instructions for lesser included offenses. It should be noted that there is no pattern jury instruction for lesser non-included offenses.

 Although we agree that the court committed a technical error in characterizing these two added charges as lesser included offenses rather than lesser non-included offenses, nevertheless, the jury instructions correctly informed the jury that: (1) it should first consider the original charged offense of first degree sexual assault; (2) it could not convict the defendant of both first and second degree sexual assault (since second degree sexual assault is concededly a lesser included offense of first degree sexual assault); and (3) it could find the defendant guilty of both theft and patronizing a prostitute if all elements of both charges were proven beyond a reasonable doubt.

In sum, the jury was correctly instructed of its option to acquit the defendant on the greater offense and convict him of a lesser charge. Thus, Skinner was protected from the concern raised in *Rivera* and *Bustos,* namely, that the jurors would convict him of the charged offense solely because they were aware that he had committed a crime. *See also People v. Aragon,* 653 P.2d 715 (Colo.1982).

Further, since the jury convicted Skinner of the original charged offenses of first degree sexual assault and impersonating a police officer and did not convict him of any lesser included or non-included offenses, we fail to perceive any prejudice to him from the technical error that occurred here.

Nor do we agree with defendant's contention that the jury was misled. In fact, under the circumstances here, any error in the court's use of a lesser included rather than a lesser non-included offense instruction benefitted the defendant.

In sum, we conclude that, in the context of this case, the error was harmless. *See People v. Vialpando,* 804 P.2d 219 (Colo.

App.1990); *McCune v. People,* 179 Colo. 262, 499 P.2d 1184 (1972).

The judgment is affirmed.

HUME and REED, JJ., concur.