The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Anthony Jamie CASTRO, Defendant–
Appellant.

No. 96CA0378.

Colorado Court of Appeals,
Div. I.

May 22, 1997.

As Modified on Denial of Rehearing
Aug. 7, 1997.

Certiorari Denied Feb. 23, 1998.

Gale A. Norton, Attorney General, Stephen
K. ErkenBrack, Chief Deputy Attorney Gen-

eral, Timothy M. Tymkovich, Solicitor General, Peter J. Cannici, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Pamela A. Dayton, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge METZGER.

Defendant, Anthony Jamie Castro, appeals the judgment of conviction entered upon jury verdicts finding him guilty of second degree assault (heat of passion provocation) and third degree assault. We reverse and remand for a new trial.

The evidence at trial established that, while at a roller skating rink, defendant, then 15 years old, saw his girlfriend sitting with another boy whose hand was resting on her thigh. Defendant, who was wearing roller skates, approached the boy and kicked him in the head. The blow fractured the boy's skull.

In a direct filing, defendant was charged as an adult with two counts of second degree assault, two crime of violence counts, and third degree criminal trespass.

Before trial, the court dismissed the two crime of violence counts and defendant pled guilty to the third degree trespass charge. The court denied defendant's motion seeking to require the prosecution to elect between the two second degree assault charges.

At the conclusion of the evidence, the court instructed the jury that the elements of the first count of second degree assault were that the defendant had recklessly caused serious bodily injury to the victim by means of a deadly weapon. See § 18–3–203(1)(d), C.R.S. (1986 Repl.Vol. 8B). The court further instructed the jury that it could convict defendant of the lesser included offense of third degree assault (negligently causing bodily injury by means of a deadly weapon).

The court also instructed the jury that the elements of the second count of second degree assault were that the defendant had intended to cause bodily injury to the victim and did cause serious bodily injury. See § 18–3–203(1)(g), C.R.S. (1986 Repl.Vol. 8B). Over defendant's objection, the court did not instruct the jury that third degree assault was a lesser non-included offense of this count.

The court further instructed the jury that, if it found defendant guilty of either count of second degree assault, it was also to determine whether he was provoked to act by a heat of passion.

The jury found defendant guilty of third degree assault (as to the first count) and second degree assault with provocation (as to the second count).

On appeal, defendant argues that the trial court erred by not instructing the jury that third degree assault was a lesser non-included offense of the second count of second degree assault. We agree.

A lesser non-included offense is an offense less serious than the charged offense which arises from the same facts but contains at least one element different from those in the original charge. The jury may not be instructed concerning a lesser non-included offense unless there is a rational basis for the jury to acquit the defendant of the original charge and convict him or her of the lesser. *People v. Skinner*, 825 P.2d 1045 (Colo.App. 1991).

The second count of second degree assault charged that defendant had intended to cause bodily injury to the victim and that he did cause serious bodily injury. Use of a deadly weapon is not an element of that particular type of second degree assault. See § 18–3–203(1)(g). By contrast, use of a deadly weapon is an element of the lesser offense of third degree assault. See § 18–3–204, C.R.S. (1986 Repl.Vol. 8B).

At the time the court rejected defendant's request for the lesser non-included offense instruction, the court explained that there was sufficient evidence to warrant giving the instruction as a lesser included offense for count one. The court stated that there "can only be one assault here" and "all of them must necessarily merge into one conviction of assault." The court reasoned that, by receiving the instruction as a lesser included offense for the first count, "the jury can adequately address whether neither second de-

gree assault occurred and that in fact the lesser included offense of third degree assault occurred through the mechanism the Court has set up in the instructions."

We conclude that, because both counts of second degree assault were premised on identical evidence, once the trial court concluded that the evidence was sufficient to submit an instruction regarding third degree assault as a lesser included offense to count one, it was obligated to make the same conclusion with respect to defendant's request for a lesser nonincluded instruction as to count two. That obligation arose because the determinations whether to give an instruction concerning a lesser included offense and/or to give an instruction concerning a lesser non-included offense are based on the same legal standard, *i.e.*, a rational basis for acquittal on the original charge and conviction on the lesser. *People v. Skinner, supra.*

The absence of a lesser non-included instruction as to count two was not cured by the court's sentencing order merging the third degree assault conviction into the second degree assault conviction. As given, the instructions and verdict forms limited the jury to only three alternatives on the second count of second degree assault: (1) guilty; (2) not guilty; or (3) deadlocked. If the jury had been properly instructed, it would have had a fourth alternative of convicting defendant of third degree assault as a lesser non-included offense. Had that occurred, defendant's two third degree assault convictions would have merged into a single conviction.

Hence, we reject the People's assertion that a lesser nonincluded instruction for the second count would have been redundant. While it would have been redundant to twice set forth the elements of that offense, the above analysis shows that it would not have been duplicative to structure the instructions so that the jury understood that third degree assault was both a lesser included offense of the first count and a lesser nonincluded offense of the second count.

Alternatively, the People argue that, because the jury's verdict finding defendant guilty of the second count of second degree assault shows that the jury necessarily would not have convicted defendant of third degree assault as a *lesser included* offense, the absence of the requested instruction was harmless error. We reject this argument because it misconstrues defendant's argument for an instruction regarding the lesser nonincluded offense of *felony* third degree assault (negligently causing bodily injury with a deadly weapon) as a request for an instruction concerning *misdemeanor* third degree assault (knowingly or recklessly causing bodily injury). *See* § 18-3-204.

Accordingly, because we conclude it was reversible error not to instruct the jury regarding third degree assault as a lesser nonincluded offense of count two, it is unnecessary for us to address defendant's remaining claims.

The judgment is reversed and the cause is remanded for a new trial.

NEY and CASEBOLT, JJ., concur.