## DIXON v. BERNSTEIN.

### Nos. 10291, 10370.

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 10, 1950.

Decided April 17, 1950.

Mr. Karl Michelet, Washington, D. C., with whom Mr. Michael J. Keane, Jr., Washington, D. C., was on the brief, for appellant.

Mr. Leonard S. Melrod, Washington, D. C., with whom Mr. Albert D. Misler, Washington, D. C., was on the brief, for appellee.

Before CLARK, PROCTOR and BAZELON, Circuit Judges.

BAZELON, Circuit Judge.

On January 17, 1949, appellee (Bernstein) agreed to purchase the outstanding capital stock of the New Colonial Hotel from one Nettie Howard. He reserved the right, however, to withdraw "In the event the buyer or his assigns be not satisfied with said audit or investigation [of the hotel's books, accounts and records] for any reason whatsoever * * *." Appellant (Dixon), the real estate broker who arranged the sale, was to be paid "a commission of Ten Thousand Dollars ($10,000.00) by the buyer or his assigns, said payment to be made as agreed upon by the said buyer and said Dixon." An agreement between appellant and appellee was then entered into, stating that appellant would receive a commission for his services *"in the event of consummation of the sale of the New Colonial Hotel"*; that there would be *"no liability* [for the commission] *if sale is not settled."* [1] Be-

---

1. The correspondence between Dixon and Bernstein reads as follows:

"January 17th, 1949
"Leo M. Bernstein & Co.
"1415 K Street, N. W.
"Washington, D. C.
"Gentlemen:
"Further supplementing special commission arrangement dated November 29th, 1948.
"I agree to receive the commission due me in the sum of Ten thousand dollars ($10,000.00) in the event of consummation of the sale of the New Colonial Hotel. Said commission in the following manner:
"1. I agree to accept the net sum of $8,750.00, payable by you at the rate of $500.00 monthly until paid, without interest. It is understood that such is a net amount out of the commission to be received by me and that I should not bear any of the legal expenses involved in the sale.

"Very truly yours,
"/s/ James L. Dixon
"I agree to the above—1st payment at settlement and subsequent payments due each mo. thereafter until paid in full. *No liability if sale is not settled.*
"/s/ Leo M. Bernstein"
[Emphasis supplied throughout.]
The record does not reveal the relevance of the reference to a "special commission arrangement dated November 29th, 1948." Both agreements involved here were executed on January 17, 1949.

tore any sale occurred, appellee withdrew from the contract because of his alleged dissatisfaction with the audit. Suit for the commission was brought by the broker (appellant) and summary judgment was awarded against him.

Appellant's theory is that appellee owed Nettie Howard the obligation to act in good faith with regard to his right to withdraw from the contract between them; that, in fact, he withdrew in bad faith and hence effectively frustrated the sale which was a condition precedent to appellant's collection of a commission. Thus viewed, the original contract and the subsequent agreement between appellant and appellee would be read together, appellee's good faith in withdrawing from the first contract would be a "genuine issue of material fact" in a suit involving the second contract,[2] and summary judgment denying appellant's claim to a commission would have been improper below.

We hold, however, that the issue of good faith under the sales contract is irrelevant here. Whatever good faith may have been owed by Bernstein to Nettie Howard, his obligation to the broker, Dixon, was to arise only upon consummation of the sale. Since no sale took place, there was no liability for a commission.

We consider it important that these are dealings between informed parties, i. e., a real estate broker and a real estate company. Within such a professionalized context, it seems reasonable to suppose that if the parties had intended to make their contract dependent upon conditions other than consummation of sale, they would have done so.

Since we hold that good faith was not in issue, there was no error in the trial court's denial of appellant's motion to perpetuate testimony dealing with that question.

Affirmed.

2. See Dewey v. Clark, 86 U.S.App.D.C. ——, 180 F.2d 766.