### SLATER v. BERLIN et al.

### BERLIN v. SLATER et al.

#### Nos. 1088, 1089.

Municipal Court of Appeals for the District of Columbia.

Argued July 23, 1951.

Decided Aug. 29, 1951.

Ralph F. Berlow, Washington, D. C., for appellant and cross-appellee Joseph E. Slater.

Rolland G. Lamensdorf, Washington, D. C., for appellee and cross-appellant Eugene A. Berlin.

Robert H. McNeill, Washington, D. C., for appellees Wickersham, Peterson, Home Indemnity Ins. Co., and Indemnity Ins. Co. of North America.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Slater sued Berlin for an alleged breach by Berlin of a contract to buy a house from Slater. Berlin denied liability, alleging he was induced to sign the contract by misrepresentations made to him by an agent of Wickersham, the broker in the transaction. Berlin also filed a counterclaim against Slater for return of the cash deposit made by him when the contract was signed. Berlin also filed a third-party complaint against Wickersham and Peterson, the employee of Wickersham, for return of the deposit, and joined as defendants

to this claim Home Indemnity Insurance Company and Indemnity Insurance Company of North America, the sureties on the bonds of the broker and his agent. Slater also filed a cross-claim against the broker, his agent, and the sureties.

At trial before court and jury the opening statement in behalf of Slater disclosed that he had entered into a contract to buy the property in question from the Carpenters for $22,500; that almost immediately afterwards he learned he was to be transferred to Germany and shortly thereafter entered into a contract to sell the property to Berlin for $24,000; that Wickersham acted as broker in both transactions; that within a short time Berlin notified Slater that he would not complete the contract; that after being so notified he (Slater) did not complete his contract with the Carpenters and they declared his deposit of $500. forfeited. On this statement Berlin moved for a directed verdict. After some argument the court announced it would "have to have some further opening statements." Berlin's counsel then stated that Berlin had wished to buy the Carpenter house and after learning that Slater had a contract to purchase it, Berlin told Peterson that he would pay $500 for "the contract" and later signed a contract to buy from Slater for $24,000, relying on Peterson's statement that Slater was paying $23,500; that when he learned that Slater was paying only $22,500 he refused to go through with the contract. Counsel for Wickersham and Peterson stated his clients would prove that their conduct in the transactions was fair, honest and proper.

Following these statements a witness for Slater testified and was cross-examined, but when trial was resumed the next day the court announced that it would dismiss the complaint, the cross-claim and counterclaim. Argument followed and then a witness for Berlin was permitted to testify out of turn. While she was being cross-examined, the court announced that it would dispose of the case and proceeded to direct the jury to return verdicts for no recovery on the complaint, the cross-claim and the counterclaim. Slater and Berlin have both appealed.

■ It was error to direct verdicts. Clearly there were questions of fact to be developed by the testimony of witnesses. One vital question was whether Berlin was induced to sign the contract by misrepresentations of Peterson and if so whether Peterson and his employer, Wickersham, were acting as agents for Slater, or Berlin, or for both or neither of them. There was considerable discussion below as to whether statements relating to value or costs are representations of fact or mere expressions of opinion, but here it was proposed to show a statement made concerning the sale price named in a specific contract and to prove that such price was $1,000 less than represented. This certainly related to a fact and when the surrounding circumstances are developed by the testimony it may well be that such a statement was a material representation relied upon by Berlin.

The question was raised in argument below whether Slater had any standing to claim that Berlin breached his contract in view of Slater's failure to comply with his contract with the Carpenters. It appears agreed that Berlin knew Slater had only a contract to purchase and that Berlin was buying Slater's contract. Whether it was necessary that Slater keep his contract alive after Berlin announced that he would not go through with the purchase of the contract can best be determined when all the facts are developed.

■ We have repeatedly said that directing a verdict on an opening statement is an extreme measure and should be invoked most cautiously. Unless the facts and all inferences which may be drawn from them are clear beyond any doubt, the parties are entitled to develop their evidence by testimony and to have the case submitted to the jury under proper instructions.

Judgments reversed with instructions to grant a new trial.