## MORGAN v. SUBURBAN NAT. BANK OF SILVER SPRING, MD.

### No. 1235.

Municipal Court of Appeals for the District of Columbia.

Submitted July 21, 1952.

Decided Aug. 5, 1952.

Raymond Godbersen, Washington, D. C., for appellant. Robert J. Winburn, Washington, D. C., also entered an appearance for appellant.

William J. Brannan, Jr., Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

This appeal arises from a finding in favor of the plaintiff granted on the defendant's opening statement. Plaintiff, Suburban National Bank, sued defendant, Mrs. Morgan, to recover the balance due on a promissory note of which she was the maker. Defendant denied liability and filed a verified answer alleging fraud and lack of consideration. She also filed a counterclaim demanding the amount she had paid on the note.

We have before us the stenographic transcript of the opening statements and from our study of them we are of the opinion that they were insufficient to warrant the trial judge in invoking so harsh a procedure and halting the trial at the outset. In reciting the facts counsel for plaintiff claimed that defendant had come into plaintiff bank and made a loan of $1,737.90 in order to finance the purchase of a truck from one Schaefer. The bank at that time held Schaefer's note for the same amount. In addition, counsel stated that the consideration given defendant for her note was the cancellation of the Schaefer note and the substitution of defendant's note in its place; that defendant had paid off one-half of the note in monthly installments but had refused to continue her payments. It was plaintiff's position that even if defendant had not given authority for such substitution, as she claimed, her subsequent acts of partial payments were sufficient to constitute ratification. On the other hand, defendant's counsel said that he would prove by testimony that there was a total lack of consideration. He further stated that

her subsequent partial payments on this note did not constitute ratification in view of defendant's claim that she did not authorize the substitution of her note for that of Schaefer.

■ Such a direct conflict on questions of fact requires that the trial judge, sitting without a jury, should hear the evidence before attempting to decide the facts. We feel that it was error to grant judgment and dismiss the counterclaim solely on such sketchy opening statements. Clearly there were questions of fact to be developed by the testimony of witnesses.

■ We have repeatedly said that granting a verdict on the opening statement is an extreme measure and should be invoked most cautiously. Unless the facts and all inferences which may be drawn therefrom are clear beyond doubt, the parties are entitled to develop their case by testimony.[1]

Reversed with instructions to award a new trial.

1. Slater v. Berlin, D.C.Mun.App., 83 A. 2d 228; DeGrazia v. Anderson, D.C. Mun.App., 62 A.2d 194; Mitchell v. David, D.C.Mun.App., 51 A.2d 375.