Mr. Roger M. Whelan, Washington, D. C., with whom Messrs. Alfred S. Fried and Harold J. Rogers, Washington, D. C., were on the brief, for appellant.

Mr. Francis L. Casey, Jr., Washington, D. C., for appellee.

Before BASTIAN, BURGER and WRIGHT, Circuit Judges.

PER CURIAM.

The District Court directed a verdict for the defendant, appellee here, on the basis of appellant's opening statement to the jury. Appellant contends first that the complaint states a claim on which relief could be granted and second that the opening statement asserts appellee's negligence in failing to perform its duty to take adequate precaution against the foreseeable hazards incident to the simultaneous disembarkation of 100 to 150 passengers through a passageway which narrows to approximately 12 feet at the exit.

The Federal Rules of Civil Procedure provide various means for summary disposition of litigation. A defendant may first challenge a plaintiff's claim by attacking the complaint for failing to state facts on which relief may be granted. Fed.R.Civ.P. 12(b). Motion for summary judgment may also be made before trial. Fed.R.Civ.P. 56(b). At the close of a plaintiff's case a defendant may move to dismiss, Fed.R.Civ.P. 41(b), or for a directed verdict, Fed.R.Civ.P. 50(a); and at the close of all the evidence a motion for a directed verdict may be made again. Fed.R.Civ.P. 50(b). Dis-

**Bessie C. LAMPKA, Appellant,**

v.

**WILSON LINE OF WASHINGTON, INC., Appellee.**

**No. 17705.**

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 21, 1963.

Decided Nov. 21, 1963.

missal after the opening statement is not specifically authorized in the Rules but is a vestige of practice before the Rules were adopted.

Since the opening statement may be waived entirely, grave doubt arises whether, if a complaint states a cause of action, an opening statement can so dilute the formal pleading as to afford a basis for summary disposition. Although a directed verdict on plaintiff's opening statement may be justified in some cases, this is not such a case. From time to time we have called attention to the standards which the Supreme Court, in Best v. District of Columbia, 291 U.S. 411, 415–416, 54 S.Ct. 487, 78 L.Ed. 882 (1934), held should be applied in these circumstances. See, e. g., Daisey v. Colonial Parking, Inc., No. 17703, D.C. Cir. Sept. 27, 1963, p. 2 and concurring opinion p. 8; Calbreath v. Capital Transit Company, 99 U.S.App.D.C. 83, 240 F.2d 621 (1956); Greene v. Hathaway, 89 U.S.App.D.C. 229, 191 F.2d 656 (1951).

Here the complaint, the pretrial statement, the Pretrial Examiner's Statement and the opening statement to the jury all claim that a duty was owed to appellant as a passenger, that this duty continued throughout the process of disembarking and so long as the passenger remained on appellee's dock or other related premises, that this duty was breached and that injury proximately resulted. We, of course, intimate no ruling on the merits of appellant's claim but hold only that the facts alleged in the opening statement, as in the complaint, assert a claim which entitles her to adduce her evidence. Whether that evidence will establish a duty, a breach of duty and proximately caused injury remains to be seen. Cf. Schwartzman v. Lloyd, 65 App.D.C. 216, 82 F.2d 822 (1936); Dilley v. Baltimore Transit Co., 183 Md. 557, 39 A.2d 469, 155 A.L.R. 627 (1944). Compare Nazarro v. Hudson & Manhattan Ry. Co., 125 N.J.L. 108, 14 A.2d 521 (N.J.1940).

Reversed and remanded for further proceedings.