**Edward THOMPSON, a/k/a Edward Garcia, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 5077.

District of Columbia Court of Appeals.

Submitted Jan. 27, 1970.

Decided March 24, 1970.

David C. Niblack, Washington, D. C., appointed by this court, was on the brief for appellant.

Thomas A. Flannery, U. S. Atty., John A. Terry, Mary E. Folliard and James L. Lyons, Asst. U. S. Attys., were on the brief for appellee.

Before KELLY, FICKLING and GALLAGHER, Associate Judges.

KELLY, Associate Judge.

Appellant was convicted by a jury of petit larceny. One claim of error merits

discussion: the trial court's denial of counsel's request to reserve opening statement until the Government rested.

After the prosecutor's opening statement, defense counsel requested permission to reserve because, he said, appellant[1] was undecided whether he wished to testify and because there might be an impeachment problem if he did testify. The court was informed by the prosecutor, who objected to counsel's request, that appellant's prior convictions would not be used in impeachment. It ruled that defense counsel's opening statement must be made at that time or be waived. Since appellant was still undecided whether to testify, counsel announced that an opening statement for the defense would be waived.

A special security officer testified that appellant and a female companion entered a Lerner's dress shop, went to the rear of the store, removed some clothing from a dress rack and put it in a shopping bag, and left the store without paying for any merchandise. Appellant then decided to take the stand, and testified that he was in the store, that he went to the rear momentarily then returned to the front of the store to await his companion, and that he took no merchandise. The jury returned a verdict of guilt.

■ Absent a statute or rule of court, the time for making an opening statement rests within the sound discretion of the court.[2] In this case the trial judge refused to allow counsel to reserve opening be-

cause, in his opinion, to do so would give appellant an unfair advantage to the prejudice of the Government. We point out however, that the procedure of reserving opening statement has been approved by the court in Karikas v. United States, 111 U.S.App.D.C. 312, 316, 296 F.2d 434, 438 (1961), where it said that

*   *   * trial counsel for [defendant] was within his rights in obtaining permission to withhold his opening statement until the United States had presented its case, as the prosecuting attorney stated to the jury; and doing so was probably a good trial tactic. He could then legitimately frame his defense to meet the evidence adduced by the Government, which was a perfectly proper course for him to take. *   *   *

■ In any event, we affirm appellant's conviction since there is in this record no hint of prejudice resulting from the court's insistence on timing counsel's opening. Some question might have been raised if appellant had not put on a case, but as it turned out he ultimately decided to testify in his own behalf. The verdict obviously turned only on an issue of credibility and clearly the jury did not credit appellant's testimony in reaching a finding of guilt. It is not apparent how this finding was, or could have been, influenced by the failure to make an opening statement, nor does counsel point to any ascertainable prejudice.

Affirmed.

---

1. Appellant was the sole witness for the defense.

2. See generally cases cited in 93 A.L.R.2d 951, 965–968.