Frank E. HAMPTON, Appellant,

v.

UNITED STATES, Appellee.

No. 5241.

District of Columbia Court of Appeals.

Argued July 15, 1970.

Decided Oct. 8, 1970.

Sol Z. Rosen, Washington, D. C., appointed by this court, for appellant.

Kenneth M. Robinson, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry and Charles H. Roistacher, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, GALLAGHER, Associate Judge, and MYERS (Associate Judge, Retired).

HOOD, Chief Judge.

On this appeal from a conviction of petit larceny, three claims of error are made.

16. *E. g.*, Dandridge v. Williams, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970).

First, it is claimed the evidence was not sufficient to support the conviction. The record clearly demonstrates this claim has no merit.

■ Second, it is claimed that appellant was denied a fair trial by the frequent questioning of appellant by the trial judge. We have carefully read the entire transcript of trial and are not convinced that the trial judge's questions, extensive as they were, constituted prejudicial error so as to deny appellant a fair trial before the jury which, after proper instructions, found appellant guilty.

The third claim of error requires a more extended discussion. After the prosecutor's opening statement to the jury the following occurred.

MR. ROSEN: We reserve opening statement.

THE COURT: You make it or waive it.

MR. ROSEN: Very well. I stated my position.

THE COURT: You make it or waive it. Which do you do?

MR. ROSEN: Well, then we'll have to waive it.

THE COURT: Very well.

The claim is made that it was error not to permit appellant's counsel to make an opening statement to the jury at the close of the Government's case in chief. It has often been said that the trial court has a broad power to regulate the conduct and timing of the trial, but we do not think the question here presented can be disposed of on such general grounds. Our first question is whether a defendant in a criminal trial has the right to make an opening statement.

We have found very little direct authority on the subject. In many jurisdictions the time for making an opening statement is provided for by statute or rule of court. Cases on the subject are collected in the annotation in 93 A.L.R.2d 951. In reading these cases it is difficult to tell whether the statute or rule is considered as granting the right to make an opening statement or as merely regulating the exercise of a recognized right. In this jurisdiction there is no statute or rule on the subject.

Our research has found only one jurisdiction in which it is held a defendant may be denied the right to make an opening statement. See Burns v. State, 226 Ala. 117, 145 So. 436 (1932). On the other hand, in the absence of statute or rule, we find only a few isolated statements specifically recognizing the right to make an opening statement. In Hallinan v. United States, 182 F.2d 880, 885 (9th Cir. 1950), cert. denied, 341 U.S. 952, 71 S.Ct. 1010, 95 L.Ed. 1375 (1951), it was said: "Appellant says he had a right to make an opening statement. Of course he had, so long and to the extent it remained within the bounds of propriety and good faith." And in People v. Chivas, 322 Mich. 384, 34 N.W.2d 22, 26 (1948), it was said: "It is fundamental law that defense counsel has a right to make an opening statement to the jury outlining the theory of his defense."[1]

■ Despite the absence of a statute or rule of court in this jurisdiction and the lack of any local case authority directly holding that a defendant has the right to make an opening statement, we take judicial notice that for many years both trial and appellate courts in this jurisdiction have assumed the right of both the prosecutor and defense counsel to make opening statements to the jury.[2] We are aware of no

1. In 23A C.J.S. Crim.Law § 1086, the headnote states: "It is generally recognized that the accused has the right through his attorney to state the nature of his defense and the evidence he intends to offer to sustain it."

2. In Lichtenwalter v. United States, 89 U.S.App.D.C. 187, 190 F.2d 36 (1951), where defendant contended on appeal that he had been denied the right, through counsel, to make an opening statement to the jury, the court said "there was no de-

instance in this jurisdiction in which the right to make an opening statement to the jury has been denied to either side in a criminal case.

■ Our conclusion is, and we so hold, that in a criminal case tried to a jury, defense counsel has the right to make an opening statement. This brings us to the question of the power of the trial judge to regulate the time at which that right might be exercised. More specifically the question is whether the trial judge may require that the defense opening immediately follow the prosecution opening, or does the defense have the right to reserve its opening until the completion of the government's case?

To answer this question, we first consider the nature and purpose of an opening statement. In Best v. District of Columbia, 291 U.S. 411, 415, 54 S.Ct. 487, 489, 78 L.Ed. 882 (1934), the Supreme Court, speaking through Chief Justice Hughes, said: "The opening statement of counsel is ordinarily intended to do no more than to inform the jury in a general way of the nature of the action and defense so that they may better be prepared to understand the evidence."

*Best* was a civil case, but whether the case be civil or criminal, the opening statement serves the same purpose. In Webb v. United States, 191 F.2d 512, 515 (10th Cir. 1951), it was said: "Opening statements are merely to advise the jury as to what it may expect by way of evidence and questions which will be presented to it."

In many cases defense counsel may not know what evidence, if any, he will present until he has heard and evaluated the government's evidence. At that time he may decide to offer no evidence, resting his case on the presumption of innocence of his client and the government's burden of proving guilt beyond a reasonable doubt. Whether defendant himself will take the stand may not be decided until the government's case is closed or even until after other witnesses for the defense have testified.[3] Should a defendant be required to make his opening before the government puts on its case, and should he make an opening outlining his defense and what he expects to prove, and then when the government rests decides to offer no testimony, a jury conceivably might conclude that his failure to offer any evidence was an admission of guilt, or at least draw an adverse inference from his failure to prove what he had said he would prove.

In Karikas v. United States, 111 U.S. App.D.C. 312, 316, 296 F.2d 434, 438 (1961), it was recognized that withholding defendant's opening statement until the Government has presented its case may be "a good trial tactic." That case, in our opinion implicitly recognizes that defense counsel has the right to adopt such trial tactic, though admittedly the court referred to defense counsel's right to obtain "permission" to withhold his opening statement.[4]

■ Our conclusion is, and we so hold, that in a criminal case tried to a jury the defendant has the right to make an opening statement, and that the effective exercise of that right requires that he be allowed the right to withhold making his opening until the close of the government's case.[5]

---

nial of the *right* to make a statement, but rather a proper effort to limit counsel to an outline of proposed proof and to avoid an argumentative and detailed recital of anticipated testimony by the defendant." (Emphasis supplied.) *See also* Karikas v. United States, 111 U.S.App.D.C. 312, 296 F.2d 434 (1961), hereafter discussed in this opinion.

3. *See* Nassif v. District of Columbia, D.C. App., 201 A.2d 519 (1964).

4. *See also* the opinion of this court in Thompson v. United States, D.C.App., 263 A.2d 264 (1970), where we intimated, but did not directly hold, as we do now, that it was error to deny the right to reserve opening statement until completion of the Government's case.

5. We fully realize that our holding is contrary to some very respected authority. *See, e. g.*, United States v. Conti, 361 F.2d 153 (2d Cir. 1966) ; Hawkins v. State, 199 So.2d 276 (Fla.1967).

Accordingly it was error in the present case to require defendant to make his opening immediately following the Government's opening or to waive his right to make an opening. But we are not convinced that the error requires reversal. Appellant took the stand and testified at length in his own behalf, and was his only witness. It is difficult to see how an opening statement outlining his testimony would have aided his defense or how the lack of it was prejudicial to his defense.

Affirmed.