Dorothy Janell HENTZ, Appellant,

v.

CBI–FAIRMAC CORP., et al., Appellees.

No. 79–1168.

District of Columbia Court of Appeals.

Submitted March 31, 1982.

Decided June 3, 1982.

1. Finding no grounds for reversal in the Small Claims action, we affirm the judgment of

Dorothy J. Hentz, pro se.

No brief was filed for appellees.

Before MACK and PRYOR, Associate Judges, and PAIR, Associate Judge, Retired.

MACK, Associate Judge:

In this appeal, we consider the narrow issue of whether a trial court properly may grant a party's motion for a directed verdict based solely upon the opposing party's opening statement. In the context of this case, we find the court could not do so and therefore reverse and remand for trial.

This appeal arises out of a small claims action and civil claim based on a long standing landlord-tenant relationship. Appellee CBI-Fairmac Corporation brought suit in the Small Claims and Conciliation Branch of Superior Court for appellant's failure to pay rent from November 1974 to May 1975.[1] Appellant subsequently filed a complaint against CBI-Fairmac and several other parties alleging various tortious acts and breaches of contract. Appellant thereafter amended her complaint twice. In response, appellees filed a motion, pursuant to Super. Ct.Civ.R. 12(b)(6), to dismiss these claims and amended complaints for failure to state a claim upon which relief could be granted. The trial court dismissed two counts of appellant's amended complaint of May 1976 for failure to state a claim, but denied appellees' motion to dismiss with respect to the remaining counts.

The two cases were consolidated for trial. At the close of appellant's opening statement in the civil action, the trial court granted appellees' motion for directed verdict based upon counsel's failure to allege a cause of action in the opening statement. The court, basing its conclusion on an interpretation of language in *Niosi v. Aiello*, D.C.Mun.App., 69 A.2d 57 (1949), ruled that regardless of what is alleged in the complaint, the opening statement must itself

$722.00 in favor of appellee CBI-Fairmac Corporation in S.C. No. 12761–75.

state a cause of action or set forth the elements of a prima facie case.

In *Niosi*, the court stated that in deciding whether a claim is stated upon which relief can be granted, a court must "giv[e] to plaintiff the benefit of all facts alleged in the complaint and in the opening statement . . . ." *Id.* at 60. The trial court interpreted this language to mean that both the opening statement and the complaint must *independently* set forth a proper cause of action.[2]

■ We are not persuaded by the trial court's interpretation of this crucial language in *Niosi*. We read the language to say that a court must look to the *sum* of allegations made in the plaintiff's complaint and opening statement before deciding whether a proper claim is stated. We hold that where, as here, a complaint states a proper and recognized cause of action, the trial court, in ruling on a motion for directed verdict after the opening statement, must view the opening statement in conjunction with the complaint. *See Hudson v. Ashley*, D.C.App., 411 A.2d 963, 967 (1980) ("The conditions under which a directed verdict upon an opening statement will be appropriate . . . are quite limited. The trial court first must interpret the opening statement in light of the pleadings . . ." (citations omitted)).[3]

This result is consistent with concerns expressed in *Lampka v. Wilson Line of Washington, Inc.*, 117 U.S.App.D.C. 55, 325 F.2d 628 (1963). In that case, the appellate court reversed a directed verdict based on the plaintiff's opening statement to the jury. The court said that although a directed verdict on plaintiff's opening statement may be justified in some cases, "[s]ince the opening statement may be waived entirely, grave doubt arises whether, if a complaint

states a cause of action, an opening statement can so dilute the formal pleading as to afford a basis for summary disposition." *Id.* at 56, 325 F.2d at 629.

■ Further, equitable considerations require that litigants not be denied their day in court merely because they fail to allege in their opening statements that which is sufficiently alleged in their pleadings. Directing a verdict on an opening statement is an extreme measure, to be invoked most cautiously. *Slater v. Berlin*, D.C.Mun.App., 83 A.2d 228 (1951). In this regard, the Supreme Court has recognized that a counsel's opening statement is intended to do no more than inform the jury in a general way of the nature of the action so they can better understand the evidence. *Best v. District of Columbia*, 291 U.S. 411, 54 S.Ct. 487, 78 L.Ed. 882 (1934).

■ In this case, there are counts in appellant's amended complaint which the trial court upheld as against appellees' pretrial motion to dismiss for failure to state a claim upon which relief could be granted. The opening statement by appellant's counsel, although summary, provided nothing that would negate those claims as a viable cause of action. *Compare Williams v. City Stores Co.*, D.C.App., 192 A.2d 534 (1963) (considering opening statement *and* amended complaint in light most favorable to plaintiff, trial court erred in directing verdict after plaintiff's opening statement) *with Firfer v. United States*, 93 U.S.App. D.C. 216, 208 F.2d 524 (1953) (directed verdict proper where opening statement discloses that plaintiff has failed to allege a theory of recovery recognized in this jurisdiction). At that juncture, at least, the claims were not vulnerable to a motion for directed verdict.

*Reversed and remanded.*

2. The court stated that its conclusion would not stand if the sentence had read, "giv[e] to plaintiff the benefit of all facts alleged in the complaint *or* in the opening statement."

3. *Cf. Eytan v. Bach*, D.C.App., 374 A.2d 879 (1977); *Cook v. Safeway Stores, Inc.*, D.C.App., 354 A.2d 507 (1976) (verdicts were properly directed following opening statements where the stated causes of action were unrecognized in this jurisdiction).

PRYOR, Associate Judge, concurring:

The primary problem in this case is that appellant's amended complaint is not a short and concise statement of her allegations. If one looks in this instance to the complaint and the opening statement to determine whether a cause of action has been stated, it is clear that there is considerable recitation of extraneous matters in the complaint. To sharpen the issue, and avoid confusion in the trial court, I would join in the order of reversal, but on remand, would limit appellant solely to proof related to the alleged tortious removal of her car.