John H. EARLE, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 82–1483.

District of Columbia Court of Appeals.

Argued June 7, 1984.

Decided Aug. 9, 1984.

---

1. *S. Freedman & Sons, Inc. v. Hartford Fire Ins. Co., supra,* 396 A.2d at 197.

Sidney Harris, Washington, D.C., for appellant.

Charlotte Brookins-Pruitt, Asst. Corp. Counsel, Washington, D.C., with whom Inez Smith Reid, Corp. Counsel, John H. Suda, Principal Deputy Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on the brief, for appellee.

Before NEBEKER and TERRY, Associate Judges, and YEAGLEY, Associate Judge, Retired.

YEAGLEY, Associate Judge, Retired:

This is an appeal from orders of the trial court denying appellant's motion to have his arrest record sealed.[1] Appellant contends that he demonstrated by clear and convincing evidence that he did not commit the crime for which he was charged and that the trial court therefore erred in denying his motion. We affirm.

## I

Appellant was arrested on September 19, 1977, and was charged with assaulting a police officer in violation of D.C.Code § 22–505 (1981). From evidence presented at the trial of appellant's civil action stemming from the arrest, it appears that on the evening of September 19, 1977, Officers Willis Bailey and Richard Gaskins were directed to respond to a complaint concerning disorderly juveniles at 1729 Irving Street, N.W. While enroute to that address, the officers received a second radio call directing them to proceed to 1750 Kenyon Street where a man was threatening a group of juveniles with a pistol.

Upon arriving at the Kenyon Street address, the officers were told by a group of youths that while attempting to retrieve an errantly punted football from appellant's yard, one of the youths had been threatened by a man with a pistol. The officers shined flashlights from an adjacent alley into appellant's home in an attempt to attract appellant's attention. When appellant did not respond, the officers, accompanied by one of the youths, hopped a fence and entered appellant's yard. Officer Bailey knocked repeatedly on the front door of appellant's home with his fist and his night stick and announced that he was a police officer.

---

1. Appellant also challenges the trial court's order denying his motion for reconsideration of the arrest record order.

According to the testimony of Bailey, Gaskins and the youth who accompanied them, Louis Garibay, when appellant eventually opened the door of his home, he promptly aimed a pistol at Bailey. He refused the officers' orders to drop the weapon, forcing Bailey to seize it from him. An examination of the weapon revealed that it was not loaded.

Appellant testified that upon hearing the pounding at his door, he feared that someone was attempting to break it. Thus, he picked up the pistol and, accompanied by his dog, walked to the door. According to appellant, when the officers ordered him to drop the pistol, he refrained from doing so because he did not want to drop it on his dog. Appellant testified further that as he attempted to control the dog, he transferred the pistol from his left to his right hand while holding it by the muzzle which was pointed toward him. Bailey then reached and twisted the gun from appellant's grasp, causing a laceration of the palm of appellant's right hand.

Appellant was charged with assaulting Officer Bailey, but approximately one month after the charge was filed, the criminal proceeding was dismissed. Appellant then instituted a civil action against Officer Bailey, Chief Burtell Jefferson, and the District of Columbia. Prior to the trial, which commenced on March 3, 1981, the District unsuccessfully moved to have Bailey and Jefferson dismissed from the action. A jury eventually found the District liable for malicious prosecution, false imprisonment, unreasonable seizure of the pistol, and trespass, and a judgment of $29,002 was entered for appellant. The jury also found for the District on appellant's claim for assault, loss of consortium, and false arrest. Following the civil trial, appellant filed a motion to have his arrest record in the case sealed.

In denying appellant's motion, the trial court found that appellant had failed to prove by clear and convincing evidence that the crime for which he was arrested did not

occur or that he did not commit it. *See District of Columbia v. Hudson*, 404 A.2d 175, 181 (D.C.1979) (en banc). Noting a distinction between probable cause to arrest and probable cause to prosecute, the court rejected appellant's argument that the verdict in his favor on the claim for malicious prosecution was based on a jury finding that there had been an absence of probable cause to arrest. The court was also persuaded by the eyewitness testimony of Officers Bailey and Gaskins and Louis Garibay that appellant had aimed the pistol at Bailey.

## II

In *District of Columbia v. Hudson, supra*, this court, sitting en banc, recognized that the " 'retention of arrest records is justified by their potential usefulness in helping police prevent crimes and apprehend criminals.' " *Id.* at 178 (quoting Note, *Retention and Dissemination of Arrest Records: Judicial Response*, 38 U.CHI.L.REV. 850, 854 (1970–71)). On the other hand, there is the risk that third parties may draw adverse inferences from the mere fact of a prior arrest that could result in the denial of employment, educational, or licensing opportunities. *Id.* at 181–82. In balancing these competing interests, the court in *Hudson* fashioned the remedy of "sealing" arrest records upon a showing by "clear and convincing evidence that the crime for which [the movant] was arrested did not occur or that he did not commit it." *Id.* at 182.[2] As part of this remedy, the trial court is to supplement the sealed record with "findings of fact detailing the basic facts of the arrest and post-arrest occurrences and ... a conclusion of law either that [the] movant did not commit the crime or no crime was committed." *Id.*

■ The procedure set forth in *Hudson* requires the trial court to sit as the trier of fact in motions to seal arrest records. In reviewing an order or judgment where the trial court sat as trier of fact, except if

2. In this case, appellant asserts only that he did not commit the crime. Identity is not an issue.

there has been an error of law, we may not set aside the judgment unless it appears to be "plainly wrong or without evidence to support it." D.C.Code § 17–305(a) (1981). Here, there was not an error of law, and appellant can prevail only if the trial court's orders were plainly wrong or unsupported by the evidence.

The trial judge's ruling was based primarily upon the eyewitness testimony of Louis Garibay and Officers Bailey and Gaskins. They testified that appellant aimed a pistol at Bailey and ignored orders to drop the weapon. Appellant attempted to counter this testimony with his version of the incident and with the noneyewitness testimony of a physician who asserted that the nature of the hand laceration sustained by appellant indicated that he could not have been aiming the pistol at Bailey.[3] Bearing

in mind the trial judge's opportunity to view the witnesses and to assess their credibility, we are unable to say that she was plainly wrong in concluding from the conflicting testimony that appellant failed to establish by clear and convincing evidence that he did not assault the police officer.[4]

Accordingly, the trial court's orders denying appellant's motion to seal the arrest record and motion to reconsider are hereby affirmed.

*So Ordered.*

---

3. A detective appearing on behalf of the District of Columbia testified that given the design of the pistol, appellant's laceration could have been inflicted while he was aiming the weapon at Bailey.

4. Appellant also contends that the civil verdict in his favor on the claim of malicious prosecution was sufficient under *Hudson* to demonstrate that he did not commit the offense. As the trial court noted, however, a finding that a person was maliciously prosecuted does not necessarily establish that he did not commit the crime for which he was charged. More probative of the jury's view of appellant's criminal culpability was the verdict returned in the District's favor on the claim of false arrest. Even if that verdict had been favorable to appellant,

however, it would not have satisfied the *Hudson* standard. The "preponderance of the evidence" standard that governs civil actions is of course a lower standard of proof than "clear and convincing evidence." As we stated in *Hudson*, the clear and convincing standard is a " 'degree of persuasion much higher than "mere preponderance of the evidence" but still somewhat less than … beyond a reasonable doubt.' " *District of Columbia v. Hudson, supra,* 404 A.2d at 179 (quoting *Collins Securities Corp. v. SEC,* 183 U.S.App.D.C. 301, 305, 562 F.2d 820, 824 (1977)) (footnote omitted). Thus, although a civil verdict may certainly provide some guidance to the trial judge sitting as the trier of fact in a motion to seal an arrest record, taken alone, it is not sufficient to satisfy the *Hudson* standard.