---

Leslie B. Holt, Washington, D.C., appointed by this court, was on the brief for appellant.

Joseph E. diGenova, U.S. Atty., with whom Patricia A. Riley, Asst. U.S. Atty., and Michael W. Farrell, Judith Hetherton, Washington, D.C., and Saul M. Pilchen, Asst. U.S. Attys., were on the brief, for appellee.

Before NEWMAN, BELSON, and ROGERS, Associate Judges.

PER CURIAM:

Appellant appeals her conviction in a trial by the court of sexual solicitation for purposes of prostitution, D.C. Code § 22–2701 (1985 Supp.), on the ground that the trial court erred in denying her motion to dismiss the information based on the government's waiver of its right to make an opening statement. We affirm.

After counsel announced that they were ready for trial, the trial judge asked how many witnesses they each had. The prosecutor said he had two witnesses and the defense said he had one. The judge then inquired if the prosecutor wished to make an opening statement. The prosecutor replied that the government would waive an opening statement. The judge said "All

**Alvennia JACKSON, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 85–516.**

District of Columbia Court of Appeals.

Submitted May 29, 1986.

Decided Oct. 7, 1986.

right; fine." The defense attorney then moved to dismiss the information on the ground that the government "has nothing that they wish to show in this trial and perhaps we ought not to be here." The prosecutor responded that he would be happy to make an opening statement. The judge ruled that there was no requirement in law for an opening statement, which "is simply an aid to the fact finder. If they don't want to make one, I see no need for them to make one." Appellant contends that the trial court erred because an opening statement is required "to inform the fact-finder of the nature of the evidence it intended to present or to notify the defendant of what specific acts it would rely upon in its prosecution."

There is no requirement in this jurisdiction that the government make an opening statement in a nonjury case. *Cf. United States v. Salovitz,* 701 F.2d 17, 20 (2d Cir. 1983) (no federal statute or rule deals with opening statement). No statute makes such a statement mandatory and the rules of the Superior Court do not mention opening statements. Nor does any rule provide for summary disposition following the government's opening statement. *Cf. Lampka v. Wilson Line of Washington, Inc.,* 117 U.S.App.D.C. 55, 56, 325 F.2d 628, 629 (1963) (dismissal after opening statement not authorized by federal rules). Nor is there a requirement in the common law that a prosecutor make an opening state-

ment, even in a jury trial, although it has long been assumed that the prosecutor would make such a statement. *See, e.g.,* Criminal Jury Instructions for the District of Columbia, No. 1.02 (3rd ed. 1978); *see also Best v. District of Columbia,* 291 U.S. 411, 415, 54 S.Ct. 487, 489, 78 L.Ed. 882 (1934) (the purpose of an opening statement is to assist the *jury* in understanding the evidence to be presented); *accord United States v. Dinitz,* 424 U.S. 600, 612, 96 S.Ct. 1075, 1082, 47 L.Ed.2d 267 (1976) (Burger, C.J., concurring) (purpose of opening statement is "to state what evidence will be presented, to make it easier for the *jurors* to understand what is to follow and to relate parts of the evidence and testimony to the whole"). The rationale consistently given by other jurisdictions for requiring opening statements in jury trials has been to ensure the jurors' comprehension of what is about to transpire at trial.[1] In addition, the court has described the government's opening statement as a right, and not a duty. *Hampton v. U.S.,* 269 A.2d 441, 442 (D.C.1970).

In a majority of jurisdictions, the government may elect to waive an opening statement in a criminal jury prosecution.[2] This court has taken the position that an opening statement may be waived entirely in a civil case. *Hentz v. CBI-Fairmac Corp.,* 445 A.2d 1004, 1005 (D.C.1982) (quoting *Lampka v. Wilson Line of Washington, Inc., supra,* 117 U.S.App.D.C. at 56, 325

---

1. *See United States v. DeRosa,* 548 F.2d 464, 470 (3d Cir.1977) ("purpose of opening statement is to give the broad outlines of the case to enable the *jury* to comprehend it") (quoting *Government of Virgin Islands v. Turner,* 409 F.2d 102, 103 (3d Cir.1969)); *Calhoun v. State,* 297 Md. 563, 468 A.2d 45, 60 (1983) ("purpose of opening statement is to orient the *jurors* so they can follow and understand the evidence as it unfolds at trial"), *cert. denied,* 466 U.S. 993, 104 S.Ct. 2374, 80 L.Ed.2d 846 (1984). The idea that "[t]he office or purpose of an opening statement is to advise the jury concerning the questions of fact involved so as to prepare their minds for the evidence to be heard" represents the strong majority position. *White v. State,* 11 Md.App. 423, 274 A.2d 671, 674 (1971) (quoting 23 C.J.S. Criminal Law § 1085); *accord State v. Himel,*

260 La. 949, 257 So.2d 670, 672–673 and n. 1 (1972) ("at common law, it was uniformly stated that the purpose of opening statement was to inform the *jury* of the course and conduct of the trial") (emphasis added).

2. *White, supra,* 274 A.2d at 675; *see also State v. Scott,* 8 Ohio App.3d 1, 455 N.E.2d 1363, 1368 (1983) (government may waive opening statement); *People v. Barron,* 195 Colo. 390, 578 P.2d 649, 650 (1978) (same); *cf. Himel, supra,* 257 So.2d at 676 (opening statement not required in nonjury trial); *Chatman v. State,* 164 Ind.App. 97, 326 N.E.2d 839, 843 (1975) (government may waive opening statement in nonjury trial unless the court or opposing counsel moves for one).

F.2d at 629).[3] Without a jury, no rationale exists for requiring an opening statement in a civil or criminal trial. Indeed, even if the purpose of an opening statement is to inform any fact finder of the course and conduct of the trial, such a statement was unnecessary in the instant case: the trial was brief, involved only three witnesses, and the government's first witness presented sufficient evidence to convict.[4]

Appellant also argues that an opening statement is necessary to advise the defense of the nature of the charges and course of the trial. We are unpersuaded that this argument has merit here. The defendant is clearly entitled to obtain such information prior to trial. In addition to receiving the charging papers, the defendant may seek informal discovery by consulting with the prosecutor before trial, Super.Ct.Crim.R. 16–II, and may obtain a bill of particulars. Super.Ct.Crim.R. 7(f). When the defense has sought and received such information, an opening statement for the defendant's benefit will be largely, if not completely, superfluous. *See, e.g., United States v. Bradford*, 482 A.2d 430, 433 (D.C.1984) (indictment must sufficiently apprise the defendant of the nature of the accusations underlying the case so that the defendant can prepare a defense); *Davis v. United States*, 315 A.2d 157, 161 (D.C.1974) (purpose of bill of particulars is to inform defendant so that he or she may prepare proper defense and avoid surprise); *Lee v. United States*, 385 A.2d 159, 163 (D.C.1978) (purpose of discovery is to contribute to fair and efficient administration of justice by providing defendant with sufficient information to enter plea, minimize surprise at trial, and enable accurate determination of guilt or innocence).[5] Appellant's trial counsel filed a motion for a bill of particulars and had received a copy of the Metropolitan Police Department form 163.[6] Appellant has not suggested what additional information might have been forthcoming in the government's opening statement.

Finally, dismissal is a drastic measure, to be used only when the government's opening statement affirmatively demonstrates, after efforts by the government to correct or embellish the statement, that it cannot prevail under any view of the evidence. *See, e.g., Best v. District of Columbia, supra,* 291 U.S. at 415, 54 S.Ct. at 489; *United States v. Oliver,* 570 F.2d 397, 400 (1st Cir.1978); *Hanley v. United States,* 416 F.2d 1160, 1164 (5th Cir.1969), *cert. denied,* 397 U.S. 910, 90 S.Ct. 908, 25 L.Ed.2d 91 (1970); *Webb v. United States,* 191 F.2d 512, 515 (10th Cir.1951); *McGuire v. United States,* 152 F.2d 577, 580 (8th Cir.1945); *Rose v. United States,* 149 F.2d 755, 758 (9th Cir.1945); *United States v. Maryland Cooperative Milk Producers,*

3. The court has recognized that an opening statement serves the same purpose in civil and criminal cases. *See, e.g., Hampton, supra,* 269 A.2d at 443.

4. Appellant's contention that the evidence was insufficient is frivolous. *Ford v. United States,* 498 A.2d 1135, 1137 (D.C.1985) (bench trial); *Earle v. District of Columbia,* 479 A.2d 877, 879–80 (D.C.1984) (same). Two experienced police officers saw appellant beckoning and having short conversations with three or four men driving alone in cars, and one male pedestrian, over the course of six minutes near the corner of Vermont Avenue and M Street, N.W., a high prostitution area. All of these men left the area alone. Appellant entered the fifth man's car, which went to 15th and M Streets, N.W. There the driver obtained currency from an automatic teller machine, and then drove to a parking lot at 15th and Church Street, N.W. As the police approached, one officer saw appellant's head rising from the driver's lap; the driver's pants were around his knees. Appellant was arrested for soliciting for prostitution.

5. Those jurisdictions in which one purpose of an opening statement is to inform the defendant of the facts against him have statutes requiring the government to make an opening statement, at least in a jury trial. Mo.Ann.Stat. § 546.070 (Vernon Supp.1986); N.Y.Crim.Proc. § 320.-20(3)(a) (McKinney 1982); La.Code Crim.Proc. Ann. art. 765 (West 1969); Ind.Code §§ 35–37–2–2, 35–1–35–1 (1981).

6. The PD 163 form is completed by the arresting officer shortly after an arrest; it describes the facts leading up to the arrest, and includes the name of the complainant and known witnesses, if any.

145 F.Supp. 151, 152 (D.D.C.1956); *People v. Kurtz,* 51 N.Y.2d 380, 434 N.Y.S.2d 200, 202, 414 N.E.2d 699, 702, *cert. denied,* 451 U.S. 911, 101 S.Ct. 1983, 68 L.Ed.2d 301 (1981).[7] Dismissal may be appropriate where the prosecutor's opening statement is flawed and it is clear that the prosecution will be to no avail, but the same cannot be said if there is no opening statement. Also, the defendant has a sufficient remedy, a motion for a judgment of acquittal, if the government is unable to present a sufficient case-in-chief.

We hold that the government is not required to make an opening statement in a trial before the court. Accordingly, since appellant's contentions find no support in the law of this jurisdiction and she has failed to demonstrate any prejudice, we find no abuse of discretion by the trial court in denying her motion to dismiss the information, and we affirm the judgment.

---

7. *Cf. Hudson v. Ashley,* 411 A.2d 963, 967 (D.C. 1980) (civil case); *Eytan v. Bach,* 374 A.2d 879, 881 (D.C.1977) (same); *Hentz v. CBI-Fairmac Corp., supra,* 445 A.2d at 1005 (same); *Brooks v.* *United States,* 396 A.2d 200 (D.C.1978) (standard for dismissal of indictment after opening statement).