**John BALDWIN, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 86–112.

District of Columbia Court of Appeals.

Submitted: Dec. 15, 1986.
Decided: Feb. 27, 1987.

M. Azhar Khan, was on the brief, for appellant.

Joseph E. diGenova, U.S. Atty., Michael W. Farrell, Judith Hetherton, and Silvia L. Gonzales, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before NEBEKER, BELSON and TERRY, Associate Judges.

NEBEKER, Associate Judge:

This appeal from a shoplifting conviction after a nonjury trial, D.C.Code § 22–3813 (1986 Supp.), presents sufficiency of evidence questions as to whether the store-owned goods were the "personal property of another" and whether appellant's concealment of the goods and subsequent abandonment of those goods in the same area, after appellant first made an attempt to leave the area, consummated the offense.[1] Appellant also attempts to challenge as plain error the trial court's permitting the government to proceed without an opening statement. We affirm.

■ After taking rolled up dresses with price tags on them and putting them under his arm, over which he draped a concealing coat, appellant left that area of the store. He passed available cash registers on his way to a stairway exit. He then returned to the area, put those dresses under others on the floor and left the store. He was arrested a half block away.

We hold that the proof is sufficient to show that the dresses were the property of another as that element is phrased in the statute. *Carmon v. United States*, 498 A.2d 580 (D.C.1985).

Appellant maintains that his actions constituted merely an attempted shoplifting and that subsection (c) of the statute says it is not an offense to attempt to commit shoplifting. D.C.Code § 22–3813(c) (1986 Supp.). He is correct that the statute is written thus, but wrong as to his legal conclusion. The statute proscribes a knowing concealment or taking of possession with intent to appropriate without complete payment any personal property of another that is offered for sale. The evidence establishes he did just that. It is not necessary that he leave the floor or the store.

---

1. D.C.Code § 22–3813 (1986 Supp.) provides in part:

(a) A person commits the offense of shoplifting if, with intent to appropriate without complete payment any personal property of another that is offered for sale or with intent to defraud the owner of the value of the property, that person:

(1) Knowingly conceals or takes possession of any such property;

\*    \*    \*    \*    \*    \*

(c) It is not an offense to attempt to commit the offense described in this section.

Taking possession of, or concealing under circumstances such as these is sufficient to consummate the offense. *Singletary v. United States*, 519 A.2d 701, 701–02 (D.C. 1987).

■ We find no error by the trial judge in permitting the prosecution to waive an opening statement. The opening statement tradition must be viewed in the context of two Superior Court criminal rules. Criminal Rule 29 provides for a judgment of acquittal—if appropriate—"after the evidence on either side is closed." Criminal Rule 26, with certain exceptions, requires that testimony of witnesses "[i]n all trials ... shall be taken orally in open court...." Nothing in the rules requires or even mentions an opening statement. The sequence of closing argument is, however, provided for in Criminal Rule 29.1. Therefore, no legal consequence flows from a waiver by the prosecution of its opening statement—a useful event born of tradition but not a legally significant trial step. *See Jackson v. United States*, 515 A.2d 1133 (D.C.1986); *Hampton v. United States*, 269 A.2d 441 (D.C.1970); *cf. Wright v. United States*, 508 A.2d 915 (D.C.1986); *Jennings v. United States*, 431 A.2d 552 (D.C.1981).

To clear some confusion, we note that Jury Instruction 1.02, which is captioned "Preliminary Instruction to Jury Before Trial," states that "the government and the defendant will have an opportunity to make opening statements." Criminal Jury Instructions for the District of Columbia, No. 1.02 (3d ed. 1978). In addressing the same subject, chapter 24 of the *Trial Manual* of the Criminal Practice Institute, Vol. II (1986 ed.), begins by stating that "[t]he government must make an opening statement in a criminal case." In a footnote to this statement, the *Trial Manual* cites for support Instruction 1.02, *supra*. A proper reading of that instruction, however, reveals that it does not require the government to make an opening statement. Rather, Instruction 1.02 first establishes that both the government and the defendant will have an *opportunity* to make opening statements, and then it proceeds to fix the point during trial when the government, if

it chooses to make such a statement, must do so. Instruction 1.02 states "[t]he government must make an opening statement at the *beginning* of its case." (Emphasis added.)

There being no error, we affirm the judgment of conviction.

*Affirmed.*