922 F.2d 835
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
EQUIPMENT FINANCE GROUP, INCORPORATED, Plaintiff-Appellee,
v.
R & E ELECTRONICS, INCORPORATED, Defendant-Appellant.
 No. 90-1730.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 30, 1990.
Decided Dec. 19, 1990.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Franklin T. Dupree, Jr., Senior District Judge. (CA-89-29-CIV-7)
 Robert Aaron O'Quinn, Stevens, McGhee, Morgan, Lennon, & O'Quinn, Wilmington, N.C., for appellant.
 Scott William Woehr, Doyle, Simmons & Bachman, Washington, D.C., (Argued) for appellee. James D. Bachman, Doyle, Simmons & Bachman, Washington, D.C., on brief.
 E.D.N.C.
 AFFIRMED.
 Before CHAPMAN and WILKINS, Circuit Judges, and HIRAM H. WARD, Senior United States District Judge for the Middle District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 This action arose out of an alleged breach of a settlement agreement which ended an earlier lawsuit between the parties concerning defendant's alleged failure to give plaintiff the opportunity to finance a leasing transaction. The district court concluded that there was no genuine issue of material fact in dispute and that the settlement agreement had been breached. The district court then granted plaintiff's motion for summary judgment on Count I of the complaint, directing final judgment thereon pursuant to Rule 54(b), F.R.Civ.P. Finding no error in the district court's determination, we affirm.
 
 
 2
 Plaintiff, Equipment Financing Group (EFG), provides financing for telephone equipment leased by federal contractors to the United States government. Defendant, R & E Electronics (R & E), is such a contractor. In their previous dispute, the parties reached a settlement agreement by which R & E would provide EFG with an "acceptable substitute financing transaction" by March 1, 1988, or, in the alternative, R & E would pay on two promissory notes in the amounts of $10,000 and $20,000, respectively.*
 
 
 3
 The only transaction provided to EFG by R & E before March 1, 1988, was a proposed United States Army Corps of Engineers lease agreement. Both parties agree that this would have been an acceptable lease transaction had it closed as a lease transaction. However, the Corps of Engineers decided that the pricing proposals provided by EFG were too high and consummated the sale as a purchase transaction in July of 1988.
 
 
 4
 R & E claims that EFG acted wrongfully by "padding" its prices, thereby releasing it from its obligation under the settlement agreement. R & E claimed the defense of prevention in response to EFG's motion for summary judgment. The district court found that R & E had not been prevented from fulfilling its obligation under the agreement and granted summary judgment on Count I.
 
 The doctrine of prevention provides that:
 
 5
 [O]ne who prevents the performance of a condition, or makes it impossible by his own act, will not be permitted to take advantage of the nonperformance. In order to excuse nonperformance, the conduct on the part of the party who allegedly prevented performance must be wrongful, and ... in excess of his legal rights.
 
 
 6
 Propst Constr. Co. v. North Carolina Dept. of Transp., 56 N.C.App. 759, 762, 290 S.E.2d 387, aff'd, 307 N.C. 124, 296 S.E.2d 295 (1982). The party claiming this defense must thus show, first, that the other party acted wrongfully and, second, that it was prevented from performing its obligations. Defendant fails to make either showing.
 
 
 7
 The wrongful act claimed by R & E was "padding" of lease prices by EFG. The wording of the contract required an "acceptable" lease transaction be provided to EFG. The contract provided for no standard of acceptability, thereby placing on R & E the risk that the transaction would not close for whatever reason. The Court of Appeals for the District of Columbia stated in a similar situation that it is "important that these are dealings between informed parties.... Within such a professionalized context, it seems reasonable to suppose that if the parties had intended to make their contract dependent upon conditions other than the consummation of sale, they would have done so." Dixon v. Bernstein, 182 F.2d 104, 105 (D.C.Cir.1950). EFG's interpretation of the term "acceptable" would be the recoupment of the $30,000 it lost in the previous dispute with R & E which formed the basis of the settlement agreement. EFG's attempt to recover this amount was thus reasonable under the contract and cannot be called wrongful.
 
 
 8
 Further, as the district court concluded, R & E was not prevented from performing its obligations on the promissory notes. The fact that EFG's pricing proposals caused the Corps of Engineers to abandon the transaction in the form of a lease only prevented the government from satisfying R & E's obligation; R & E could still have begun paying on the promissory notes.
 
 
 9
 There being no genuine issue of material fact in dispute, we affirm the judgment of the district court.
 
 
 10
 AFFIRMED.
 
 
 
 *
 $30,000 was the amount of money EFG had expected from the earlier transaction with R & E